RUFUS L. PATTERSON. JOHN F. WILY AND J. LATHROP MOREHEAD, TRUSTEES U/W OF MRS. LUCY L. MOREHEAD, AND THE FIDELITY BANK, TRUSTEE BY ASSIGNMENT, ON BEHALF OF THEMSELVES AND ALL THOSE SIMILARLY SITUATED, v. THE HENRIETTA MILLS.

(Filed 8 January, 1941.)

1. **Corporations §§ 16, 39: Trusts § 5—Trustee held not to have assented to reorganization in his capacity as trustee, and therefore cestuis were not bound by his acts.**

   Evidence that one of the trustees holding stock for *cestuis que trustent* advocated the reorganization of the corporation and thereafter was elected a director, but that prior to the meeting at which the reorganization plan

was finally adopted, told the president and a director of the corporation that his cotrustees did not agree to the reorganization plan, that he would not vote the trustees' stock, and that at a board meeting he offered to resign as a director but was urged to distinguish between his duties as director and as trustee and remain a director, but that he voted in favor of the reorganization only proxies obtained by him from other stockholders, *is held* to show that he did not act or purport to act as representative of the trustees and gave due notice of such fact to the corporation, and therefore his conduct did not constitute consent by the trustees, either express or implied, and does not bind the *cestuis que trustent;* and further, one trustee is without authority to bind his cotrustees.

2. **Corporations § 20—**

Notice to the president of a corporation is notice to the corporation.

3. **Corporations §§ 16, 39: Estoppel § 6d—Where evidence discloses that plaintiffs gave notice of their intention, estoppel by conduct is untenable.**

Defendant corporation's contention that plaintiffs, holders of stock as trustees, by their conduct misled other stockholders and caused them to approve the reorganization plan for the corporation, and that therefore plaintiffs should be estopped from attacking the reorganization, *is held* untenable, first, because the stockholders alleged to have been thus injured are not parties and their rights may not be determined in this action, and second, because the evidence discloses that plaintiff trustees gave notice to more than a majority of the holders of stock and holders of proxies that they did not approve the reorganization.

4. **Corporations § 9—**

Notice to the proxy is notice to the owner of the stock.

APPEAL by plaintiffs and by defendant from *Harris, J.,* at February-March Term, 1940, of DURHAM. Affirmed.

Civil action to have a corporate reorganization, together with amendments of charter of defendant, declared invalid as to plaintiffs; to protect the plaintiffs' rights to accrued dividends on preferred stock claimed to be unlawfully invaded or defeated by the reorganization; to compel the payment of such dividends prior to the payment of dividends on reorganization stock; and to restrain defendant from the prior payment of dividends on any stock until dividends on plaintiffs' preferred stock are first paid.

There was a verdict and judgment for the plaintiffs. The defendant excepted and appealed. The plaintiffs likewise excepted and appealed.

*Albert W. Kennon, Jr., and Marshall T. Spears for plaintiffs.*

*Smith, Leach & Anderson, John E. Lawrence, and Robert M. Gantt for defendant.*

BARNHILL, J. This is a companion case to *Clark v. Henrietta Mills, ante,* 1. The pertinent facts are there stated.

Plaintiffs excepted to the refusal of the court below to sign judgment tendered by them. They further assign as error the restricted nature of the judgment entered, contending that it does not accord them the full relief to which they are entitled. On their appeal the decision in the *Clark case, supra,* is controlling.

That decision is likewise controlling on defendant's appeal unless the conduct of the plaintiff Morehead constitutes affirmative assent by the plaintiffs, trustees.

In 1933, the defendant having failed for a number of years to pay the dividends on the preferred stock, Morehead, acting in behalf of the plaintiffs, instituted an investigation. He called on defendant for information and later procured a list of preferred stockholders. Prior to the meeting on 13 December, 1934, he wrote each of them calling their attention to certain conditions and urging that they attend the meeting. As a result he obtained a number of proxies, attended the meeting and was elected a director. He served as such until December, 1937.

Upon his election as a director he began to advocate a reorganization of the capital structure and actively participated in the formation of the plan which was finally adopted.

After receiving an offer to exchange Martel Mills stock for the stock held by plaintiffs he told Jones, a director active in the reorganization, "being a director, I am going to leave the decision on any reorganization matters or any exchange of Martel Mills Stock for the Henrietta Mills Stock up to Mr. Patterson and Mr. Wily."

On 31 July, 1937, at the board meeting, he told the directors that his co-trustees did not agree to the plan and that, therefore, he felt he should resign as director. In answer the president of defendant said: "Well, Mr. Morehead, you should distinguish between your duty as a director and as a trustee and, if you feel that this is for the best interest of the corporation . . . you should remain as a director and vote for it." Morehead replied: "Well, I do feel that it is for the best interest of the corporation and stockholders and under those conditions, I will remain as a director."

Prior to the meeting at which the plan was finally adopted, Morehead told Jones that his co-trustees did not agree and that he was not going to vote the trustees' stock, but would vote other proxies held by him. He likewise so advised the president. Huggins then told him that it didn't matter, that they had well above the amount required but he would, of course, like to have 100% approval.

Thus, it appears that Morehead did not act, or purport to act, as the representative of the trustees. Of this he gave due notice, and notice to the president of the corporation was notice to the corporation. 3 Fletcher's Cyc. on Corps., sec. 791; 2 Mechem on Agency (2d), sec. 1831;

3 Thompson on Corps. (3d), sec. 1784. The defendant was in nowise misled by his conduct. On the contrary, it appears that it, through its officers, proposed to proceed without the approval of all of the stockholders and with full knowledge that some were opposed to the plan.

As Morehead's conduct did not constitute consent, either express or implied, by the trustees as such, we need not discuss the power of one trustee to bind the others further than to say that he was without authority to do so. 3 Bogert on Trusts, 1761, sec. 554; 65 C. J., 667, sec. 531; *Larmer v. Price,* 183 N. E. (Ill.), 230; *In re Kirkman's Estate,* 256 N. Y. Supp., 495; Restatement of Trusts, sec. 194; Scott on Trusts (1939 Ed.), 1048, sec. 193.

Defendant stresses the argument that plaintiffs, by their conduct, misled other stockholders and caused them to approve the plan and that to now permit plaintiffs to recover would be inequitable and unjust to them. This contention disregards the fact that the corporation is a separate and distinct entity. It made the contract and, by the payment of dividends on other stock, it breached the terms thereof. The assenting stockholders are not parties to this action. If they have any grievance— which is not conceded—their rights may not be determined in this action.

Even so, it appears that there was notice of plaintiffs' objections given to holders of more than a majority of the preferred stock. Huggins, the president, held 929 shares; Jones, a director, held 955 shares; and Huggins, Jones and Davenport, together, held proxies for 4,030 shares, and notice to the proxy was notice to the owner. *Seamon v. Ironwod Corp.,* 278 N. W. (Mich.), 51.

On both appeals the judgment below is

Affirmed.