Carwell v. Worley

---

LINDA CARWELL, WIDOW v. FRANK WORLEY AND WIFE, EVELYN
WORLEY

No. 7428DC737

(Filed 6 November 1974)

**Cancellation and Rescission of Instruments § 8— action to set aside deed —
sufficiency of allegations in amended complaint**

In a proceeding to have a deed set aside the trial court properly
granted defendants' motion for summary judgment where the court
entered a final judgment against plaintiff, but gave her twenty days
to file an amended complaint, and plaintiff did file an amended com-
plaint, but allegations of the complaint were insufficient to show
fraud, mistake or undue influence.

PLAINTIFF appeals from *Weaver, Judge,* 11 April 1974 Ses-
sion of District Court held in BUNCOMBE County.

Plaintiff instituted this action on 10 March 1972, asking
the court to impose a trust in favor of plaintiff on certain real
estate. In her complaint, plaintiff alleged in pertinent part as
follows:

On 1 April 1971, plaintiff and her late husband owned a
parcel of land in Buncombe County. The feme defendant was a
first cousin of plaintiff's husband and a confidential relationship
existed between the two. On said date, plaintiff's husband was
suffering from terminal cancer, resulting in impairment to his
mental and emotional faculties. On that date, plaintiff and her
husband executed a deed conveying their real estate to defend-
ants; the conveyance was made upon the assurance by defend-
ants that they would reconvey the property to plaintiff or her
husband at any time they, or either of them, might request.
Plaintiff's husband died three weeks later and defendants have
refused plaintiff's request to reconvey the property to her. Plain-
tiff is a native of Europe and "did not realize the full nature and
extent of her action . . . . "

Defendants filed answer denying material allegations of
the complaint and alleging that the conveyance was supported
by valuable considerations.

On 21 February 1973, defendants moved for summary judg-
ment pursuant to G.S. 1A-1, Rule 56. Their motion was sup-
ported by their affidavit detailing the considerations which they
contend they paid for the property. Plaintiff filed a counter
affidavit in which she denied the considerations averred in

Carwell v. Worley

defendants' affidavit and she set forth other allegations relating to the execution of the deed.

On 16 April 1973, following a hearing, the court entered judgment allowing defendants' motion for summary judgment. However, in its discretion, the court allowed plaintiff twenty days within which to file an amended complaint or other pleading, " . . . otherwise this action to be dismissed finally and with prejudice."

Thereafter, plaintiff filed an amended complaint to which defendants filed answer. Defendants then filed a second motion for summary judgment. On 11 April 1974, the court entered judgment allowing defendants' motion and dismissing plaintiff's action with prejudice. Plaintiff appealed.

*Cecil C. Jackson, Jr., for plaintiff appellant.*

*Swain & Leake, by A. E. Leake, for defendant appellees.*

BRITT, Judge.

Plaintiff's sole exception is to the signing of the judgment entered on 11 April 1974. The judgment entered on 16 April 1973 was a final judgment with respect to pleadings and materials that had been filed with the court at that time. Since plaintiff did not except to, or appeal from, the 16 April 1973 judgment, the effect of that judgment was to estop plaintiff from challenging its validity based on pleadings and facts that were then before the court. 2 McIntosh, North Carolina Practice and Procedure 2d, § 1731. In *McIntosh, supra,* § 1732, we find: "The estoppel will apply to all final judgments, however irregular or erroneous they may be, until they are set aside by some proper proceeding; but a void judgment will not operate as an estoppel. . . . "

After summary judgment was entered on 16 April 1973 in favor of defendants, with provision that plaintiff might file an amended complaint within twenty days, the only additional document filed or presented by plaintiff was the amended complaint. The only information of substance contained in the amended complaint that was not before the court when it considered defendants' first motion for summary judgment is as follows:

"That the Defendants came to the Plaintiff and her husband some few weeks prior to April 1, 1971 and advised

Plaintiff and her above-named deceased husband that they owned various parcels of real property which the Defendants did not own and made various other statements as to their financial condition, which was false . . . ; and that relying upon the statements of the Defendants, the Plaintiff and her husband executed and conveyed the above described property to the Defendants. . . . ''

In *Loftin v. Kornegay*, 225 N.C. 490, 492, 35 S.E. 2d 607 (1945), the court said: `` . . . A parol agreement in favor of a grantor, entered into at the time of or prior to the execution of a deed, and at variance with the written conveyance is unenforceable in the absence of fraud, mistake or undue influence. . . . (Citations).'' See also *Gaylord v. Gaylord*, 150 N.C. 222, 63 S.E. 1028 (1909).

We do not think the quoted allegations from the amended complaint was sufficient to show fraud, mistake or undue influence, a showing that would be necessary to support a cause of action to set aside a warranty deed conveying real estate or to impose a trust thereon. We hold that the judgment entered on 11 April 1974 dismissing the action was proper.

Affirmed.

Judges CAMPBELL and VAUGHN concur.