MARY J. ADAMS v. H. L. MOORE AND J. RAY BUTLER

No. 8921DC100

(Filed 21 November 1989)

1. **Unfair Competition § 1 (NCI3d) — unfair or deceptive trade practice — purchase of house by fiduciary — Rule 12(b)(6) dismissal improper**

   The trial court erred by granting defendants' motion for dismissal under N.C.G.S. § 1A-1, Rule 12(b)(6) in an action arising from the purchase and sale of a house by a pastor because, under notice pleading, plaintiff may show that defendants buy and sell houses as a business, in which event N.C.G.S. Chapter 75 would apply. The action is not barred by the four-

ADAMS v. MOORE

[96 N.C. App. 359 (1989)]

year statute of limitations of N.C.G.S. § 75-16.2 since the complaint alleged the unfair purchase was on 19 March 1984 and the action was filed on Monday, 21 March 1988.

**Am Jur 2d, Brokers §§ 84, 91, 245.**

2. **Fiduciaries § 1 (NCI3d)— breach of fiduciary duty—transfer of house to pastor—Rule 12(b)(6) dismissal improper**

The trial court erred by granting defendants' motion for dismissal under N.C.G.S. § 1A-1, Rule 12(b)(6) in an action arising from the transfer of plaintiff's house to her pastor because plaintiff sufficiently alleged that a fiduciary relationship existed and was abused. When a fiduciary relationship exists between parties to a transaction, equity raises a presumption of fraud when the superior party obtains an inordinate benefit as a result. The claim was not barred by the three-year statute of limitations of N.C.G.S. § 1-52(9), as the ten-year limitation of N.C.G.S. § 1-56 applies to constructive fraud based on breach of fiduciary duty.

**Am Jur 2d, Brokers §§ 84, 91, 245.**

3. **Quasi Contracts and Restitution § 1.2 (NCI3d)— unjust enrichment—transfer of house to pastor—Rule 12(b)(6) dismissal improper**

A claim for unjust enrichment by a fiduciary arising from the transfer of plaintiff's house to her pastor was sufficiently alleged and the trial court erred by granting defendants' motion for dismissal under N.C.G.S. § 1A-1, Rule 12(b))6).

**Am Jur 2d, Fraud and Deceit §§ 336, 338.**

APPEAL by plaintiff from *Keiger, Judge.* Order entered 23 August 1988 in District Court, FORSYTH County. Heard in the Court of Appeals 11 July 1989.

*Legal Aid Society of Northwest North Carolina, Inc., by Susan Gottsegen and Ellen W. Gerber, for plaintiff appellant.*

*Donald R. Buie for defendant appellees.*

PHILLIPS, Judge.

The order appealed from dismissed plaintiff's complaint under the provisions of Rule 12(b)(6), N.C. Rules of Civil Procedure. The

reference in the order to Rule 56 is inappropriate and feckless, as no materials other than the pleadings were presented. *Burton v. Kenyon*, 46 N.C. App. 309, 264 S.E.2d 808 (1980). The complaint adequately states three alternative claims for which relief are allowed under our law — unfair trade practice, breach of a fiduciary duty, and unjust enrichment — and the order dismissing the complaint is vacated.

All three claims are based upon allegations of fact to the effect that: In March 1984 plaintiff was the sole owner of a house and lot in Winston-Salem worth about $32,000 on which there was a mortgage balance of about $12,000 payable in monthly installments; plaintiff was two months behind in the mortgage payments and turned to her pastor, defendant Moore, in whom she had trust and confidence, for counsel and advice; Moore assured her that he could help her and a few days later he and defendant Butler, also a preacher, told her that they would assume the mortgage and pay her $1,000 if she would deed the place to them; relying upon the defendants to treat her fairly in discharge of their fiduciary duty, plaintiff deeded the place to them and was paid the $1,000; a few months later, in November, 1984, defendants sold the house for $32,000, thereby unjustly enriching themselves in the amount of $18,000 on a cash outlay of no more than $2,000, counting the mortgage payments made; and acquiring and selling the house under the circumstances was an unfair or deceptive trade practice and a breach of their fiduciary duty.

[1] The unfair or deceptive trade practice claim was apparently dismissed on the ground that the transaction alleged — the sale of a dwelling house — is not an "act in or affecting commerce," and thus was beyond the purview of G.S. 75-1, *et seq.* While the mere purchase and sale of a residence is not an act "in or affecting commerce" under G.S. 75-1.1, *Robertson v. Boyd*, 88 N.C. App. 437, 363 S.E.2d 672 (1988), the law is otherwise as to persons who buy, sell, or lease houses as a business. *Wilder v. Squires*, 68 N.C. App. 310, 315 S.E.2d 63, *disc. rev. denied*, 311 N.C. 769, 321 S.E.2d 158 (1984). The complaint does not show that defendants' purchase of plaintiff's home was an isolated occurrence, and under the notice allegations stated plaintiff may show, if she has evidence to that effect, that defendants buy and sell houses as a business, in which event Chapter 75 would apply. *Sutton v. Duke*, 277 N.C. 94, 176 S.E.2d 161 (1970). Nor is the claim necessarily barred by the four-year statute of limitations, G.S. 75-16.2, since the complaint

alleges that defendants' unfair purchase was on 19 March 1984, and this action was filed on Monday, 21 March 1988. G.S. 1A-1, Rule 6(a), N.C. Rules of Civil Procedure.

[2] As to the breach of fiduciary duty claim: When a fiduciary relationship exists between parties to a transaction, equity raises a presumption of fraud when the superior party obtains an inordinate benefit as a result of it. *Watts v. Cumberland County Hospital Systems, Inc.*, 317 N.C. 110, 343 S.E.2d 879 (1986). That such a relationship existed between plaintiff and the defendants and was abused is sufficiently alleged. For under our law a fiduciary relationship can be found to exist anytime one person reposes a special confidence in another, in which event the one trusted is bound to act in good faith and with due regard to the interests of the other. *Abbitt v. Gregory*, 201 N.C. 577, 160 S.E. 896 (1931). Nor is this claim barred by the three-year statute of limitations contained in G.S. 1-52(9), as the ten-year statute of limitations under G.S. 1-56 applies to *constructive* fraud claims based upon a breach of fiduciary duty. *Terry v. Terry*, 302 N.C. 77, 273 S.E.2d 674 (1981); *Speck v. North Carolina Dairy Foundation, Inc.*, 64 N.C. App. 419, 307 S.E.2d 785 (1983), *reversed on other grounds*, 311 N.C. 679, 319 S.E.2d 139 (1984).

[3] As to the unjust enrichment claim, unjust enrichment has been defined as follows:

> 'Unjust enrichment' is a legal term characterizing the result or effect of a failure to make restitution of, or for, property or benefits received under such circumstances as to give rise to a legal or equitable obligation to account therefor. It is a general principle, underlying various legal doctrines and remedies, that one person should not be permitted unjustly to enrich himself [or herself] at the expense of another. . .

*Ivey v. Williams*, 74 N.C. App. 532, 534, 328 S.E.2d 837, 838-39 (1985), *citing* 66 Am. Jur. 2d *Restitution and Implied Contracts* Sec. 3, at 945 (1973). That this claim, an alternative or duplicate of the breach of fiduciary duty claim, is also sufficiently alleged is too manifest to require discussion.

The order dismissing the complaint is vacated and the claims alleged returned to the District Court for further proceedings consistent herewith.

Vacated and remanded.

Judges COZORT and LEWIS concur.