LINWOOD K. STEPHENSON, Executor, Estate of Irene J. Stephenson, Plaintiff v. JAMES S. WARREN, HILDA S. WARREN, DOUGLAS P. LEARY, REV. THOMAS A. JACKSON, MICHAEL K. PERRY, Chairman of the Board of Trustees of Wake Forest Baptist Church, and WAKE FOREST BAPTIST CHURCH as Grantee in the Purported Deed Recorded in Book 6945, Page 0568, Wake County Registry, Defendants

No. COA99-13

(Filed 7 March 2000)

**1. Deeds— execution—undue influence**

The trial court erred in a case concerning the execution of a deed for real estate by granting summary judgment in favor of defendants on the issue of undue influence because plaintiff's forecast of evidence demonstrates factors bearing on undue influence, including that the owner of the property was eighty-seven years old, her mental health had begun to fail noticeably earlier that year, the deed executed in favor of defendants contravened the prior contract of sale executed in favor of Ten Oaks Partners, and defendants alone procured the deed's execution with neither attorney nor family present on behalf of plaintiff.

**2. Fraud— constructive—deed execution—no special relationship of trust and confidence**

The trial court did not err in a case concerning the execution of a deed for real estate by granting summary judgment in favor of defendants on the issue of constructive fraud because plaintiff's forecast of evidence fails to establish a special relationship of trust and confidence with those present at the execution of the deed.

**3. Unfair Trade Practices— deed execution—private sale of residence—not an act "in or affecting commerce"**

The trial court did not err in a case concerning the execution of a deed for real estate by granting summary judgment in favor of defendants on the unfair and deceptive trade practices claim, and on plaintiff's request for treble damages, because plaintiff's claim is beyond the purview of N.C.G.S. § 75-1.1 since: (1) the private sale of a residence by an individual is not an act "in or affecting commerce;" and (2) plaintiff was not engaged in the business of selling real estate.

**4. Deeds— execution—malicious and tortious interference with contractual relationship**

The trial court did not err in a case concerning the execution of a deed for real estate by granting summary judgment in favor of defendants on the malicious and tortious interference with a contractual relationship claims because these claims require that defendant intentionally induce a third person not to perform the contract, instead of defendant intentionally inducing the plaintiff not to perform the contract.

**5. Deeds— execution—undue influence—punitive damages**

The trial court erred in a case concerning the execution of a deed for real estate by granting summary judgment in favor of defendants on the issue of punitive damages because punitive damages may be submitted to the jury on a claim of undue influence.

**6. Deeds— execution—double damages**

The trial court did not err in a case concerning the execution of a deed for real estate by granting summary judgment in favor of defendants on the double damages claim because plaintiff fails to indicate any claims which would support such recovery.

Appeal by plaintiff from order entered 21 July 1998 by Judge W. Osmond Smith, III in Wake County Superior Court. Heard in the Court of Appeals 20 October 1999.

*Boyce & Isley, P.A., by Eugene Boyce, for the plaintiff-appellant.*

*Tharrington Smith, L.L.P., by Randall M. Roden and E. Hardy Lewis, for the defendant-appellees.*

LEWIS, Judge.

Irene J. Stephenson brought this action to have set aside a deed by which she conveyed a 16-acre tract of land and accompanying residence ("the property") to the Wake Forest Baptist Church ("the church"). After filing the complaint, but before trial, Ms. Stephenson died and her executor was substituted. For purposes of this opinion, Irene Stephenson will be referred to as plaintiff.

The complaint sets forth claims for unfair and deceptive trade practices, malicious and tortious interference with a contractual relationship, and prays for double, treble and punitive damages. On 27 January 1998, both parties filed motions for summary judgment. The trial court granted defendants' motion and denied plaintiff's motion. Plaintiff appeals from this order.

Upon the death of her husband in 1991, plaintiff became the sole owner of the property. In early 1994, plaintiff left the property and began to reside at the Wake Forest Rest Home. She executed a power of attorney designating Linwood Stephenson as her attorney-in-fact.

In the summer of 1995, Dr. Manning, a neighbor with an established business adjoining the property, got permission, though not legally necessary, from Linwood Stephenson to discuss with plaintiff the purchase of the property by his partnership, Ten Oaks Partners. The property was her only marketable tangible asset but produced no income. On 11 August 1995, plaintiff executed as grantor an "Offer to Purchase and Contract" a 12.44-acre tract of the property to Ten Oaks Partners. The Offer was not recorded.

Linwood Stephenson's affidavit states that in "early" 1996, the plaintiff's mental health began to decline, and she became lucid only part of the time. In April 1996, a general warranty deed in the name of the plaintiff, Ms. Stephenson, as grantor conveying the property to the church but reserving unto herself a life estate, was recorded in the Wake County Registry. The deed was executed by plaintiff at the Wake Forest Rest Home with two witnesses present, Hilda Warren and Douglas Leary, as well as an attorney, James Warren, all members of defendant church. Plaintiff had never hired Mr. Warren to perform any legal services, and he was not acting as her attorney in this transaction. Linwood Stephenson, plaintiff's attorney-in-fact, was not present at the execution of the deed, nor was he informed of the church's intent to procure a transfer of real estate from plaintiff. The deed recites that valuable consideration was paid by the grantee;

however, no consideration was ever tendered or paid by any defendant or any other party to or for plaintiff.

Plaintiff argues on appeal that the deed here should be set aside because plaintiff did not have an intent to convey the property and because the conveyance was procured without consideration. Both of these facts are alleged in the complaint. As to plaintiff's claim that she lacked intent, although a grantor's intent is necessary to a valid conveyance, its absence in and of itself does not establish a cause of action to set aside a deed. Instead, the fact there was no intent must underlie some claim, such as fraud, mistake or undue influence, which will support a cause of action to set aside a deed. *Carwell v. Worley*, 23 N.C. App. 530, 532, 209 S.E.2d 340, 342, *cert. denied*, 286 N.C. 334, 212 S.E.2d 167 (1974). As to plaintiff's claim that the deed was procured without consideration, defendants argue the transaction was a gift, making the issue of consideration immaterial. We feel it is unnecessary, however, to address this argument, as plaintiff's forecast of evidence in regard to setting aside the deed is far more persuasive.

Plaintiff also argues on appeal claims for undue influence and constructive fraud, both of which are viable theories which will serve as a basis to set aside a deed. *Id.* Defendant counters, however, that the complaint does not allege either of these claims, barring our consideration of them. While we agree that the complaint fails to set forth either a claim for undue influence or constructive fraud, we are mindful that our courts have established very liberal rules regarding amendments to pleadings. Where the evidence presented at a summary judgment hearing would justify an amendment to the pleadings, we will consider the pleadings amended to conform to the evidence raised at the hearing. *Whitten v. AMC/Jeep, Inc.*, 292 N.C. 84, 90, 231 S.E.2d 891, 894 (1977). We conclude that it is both proper and fair that the complaint in this case be treated as amended to conform to the evidence reviewed on the motion for summary judgment, noting that "it is the better procedure at all stages of a trial to require a formal amendment to the pleadings." *Id.* As such, the claims for undue influence and constructive fraud will be reviewed.

[1] This Court's standard of review on appeal from summary judgment requires a two-step analysis. Summary judgment is appropriate if (1) the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact; and (2) the moving party is en-

titled to judgment as a matter of law. N.C.R. Civ. P. 56(c) (1999). Once the movant makes the required showing, the burden shifts to the non-moving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, establishing at least a prima facie case at trial. *Gaunt v. Pittaway*, 135 N.C. App. 442, 447, 520 S.E.2d 603, 607 (1999). Undue influence is defined as "the exercise of an improper influence over the mind and will of another to such an extent that his professed act is not that of a free agent, but in reality is the act of the third person who procured the result." *Lee v. Ledbetter*, 229 N.C. 330, 332, 49 S.E.2d 634, 636 (1948). Although there is no definitive test for establishing undue influence, several factors have been identified as bearing on the question, including:

1. Old age and mental weakness of a party executing the instrument.

2. That the instrument is different from and revokes a prior instrument.

3. That the instrument favors one of no blood relation.

4. That the beneficiary has procured its execution.

5. That it disinherits the natural objects of the grantor's bounty.

6. That the person signing the paper is in the home of the beneficiary and subject to his constant association and supervision.

7. That others have little or no opportunity to see the grantor.

*Caudill v. Smith*, 117 N.C. App. 64, 66, 450 S.E.2d 8, 10 (1994), *disc. review denied*, 339 N.C. 610, 454 S.E.2d 247 (1995).

The evidence supporting plaintiff's claim in this case tended to show that in April 1996, the date of the deed's execution, Ms. Stephenson was aged eighty-seven, and her mental health had begun to fail noticeably earlier that year. In addition, the deed executed in favor of the church contravened the prior contract of sale executed in favor of Ten Oaks Partners. Further, defendants alone procured the deed's execution, with neither attorney nor family present on behalf of plaintiff. Plaintiff has raised evidence of undue influence upon defendant's motion for summary judgment sufficient to justify an amendment to the pleadings. We conclude that plaintiff's forecast of evidence demonstrates facts which would satisfy several of the factors bearing on undue influence. The motion for summary judgment on the issue of undue influence was erroneously granted.

**[2]** The plaintiff also contends that her claim of constructive fraud should be heard; that summary judgment was granted in error. The elements of a constructive fraud claim are proof of circumstances in which (1) the parties to a transaction have a special confidential or fiduciary relationship, and (2) this special relationship surrounded the consummation of the transaction in which the defendant is alleged to have taken advantage of this position of trust to the plaintiff's detriment. *Estate of Smith v. Underwood*, 127 N.C. App. 1, 10, 487 S.E.2d 807, 813 (1997). The forecast of evidence here fails to establish a special relationship of trust and confidence with those present at the execution of the deed. In a conversation with her attorney, plaintiff stated that she was not sure if she knew Mr. Warren. She admitted to knowing Ms. Warren and Mr. Leary, but there are no facts indicating the nature of their relationship. Plaintiff has not demonstrated sufficient evidence of constructive fraud, and we therefore conclude that summary judgment was properly granted on that issue.

Because this case must be remanded on the issue of undue influence, we will also address the viability on remand of plaintiff's remaining claims. The complaint sets forth claims for unfair and deceptive trade practices, malicious and tortious interference with a contractual relationship, and requests for double, treble and punitive damages.

**[3]** First, we address plaintiff's unfair and deceptive trade practices claim under N.C. Gen. Stat. § 75-1. In order to establish such a claim, a claimant must show (1) an unfair or deceptive act or practice, (2) in or affecting commerce, (3) which proximately caused actual injury to the claimant. *Market America, Inc. v. Christman-Orth*, 135 N.C. App. 143, 155, 520 S.E.2d 570, 579 (1999). Any person injured within the meaning of G.S. 75-1 can collect treble damages. N.C. Gen. Stat. § 75-16 (1999). Our courts have established that the private sale of a residence by an individual is not an act "in or affecting commerce," and is thus beyond the purview of G.S. 75-1.1. The law is otherwise as to persons who offer or sell real estate for a business. *Adams v. Moore*, 96 N.C. App. 359, 361, 385 S.E.2d 799, 801 (1989), *disc. review denied*, 326 N.C. 46, 389 S.E.2d 83 (1990). Because plaintiff was not engaged in the business of selling real estate, her claim falls beyond the purview of section 75-1.1. As such, we conclude that the trial court properly granted summary judgment as to the unfair and deceptive trade practices claim, as well as to plaintiff's request for treble damages.

**[4]** Plaintiff's complaint also alleges a claim for malicious and tortious interference with a contractual relationship. The elements of this claim are: (1) a valid contract between plaintiff and a third person that confers upon plaintiff a contractual right against a third person; (2) the defendant knows of the contract; (3) the defendant intentionally induces the third person not to perform the contract; (4) the defendant acts without justification; and (5) the defendant's conduct causes actual pecuniary harm to plaintiff. *United Laboratories, Inc. v. Kuykendall*, 322 N.C. 643, 661, 370 S.E.2d 375, 387 (1988). Plaintiff should note that the third element of this claim requires that the defendant intentionally induce a *third person* not to perform the contract—not that the defendant intentionally induced the *plaintiff* not to perform the contract. We hold summary judgment as to plaintiff's claim for malicious and tortious interference with a contractual relationship was properly granted.

**[5]** Turning to plaintiff's claim for punitive damages, this Court has recently held that a request for punitive damages may be submitted to the jury on a claim of undue influence. *Mehovic v. Mehovic*, 133 N.C. App. 131, 136-37, 514 S.E.2d 730, 734 (1999). The court's granting the defendant's motion for summary judgment as to punitive damages is reversed.

**[6]** Plaintiff also requested double damages, but fails to indicate any claims which would support such recovery. Summary judgment on the issue of double damages was properly granted.

We affirm the trial court's grant of summary judgment on the issues of constructive fraud, unfair and deceptive trade practices, malicious and tortious interference with a contractual relationship and double damages. The order granting summary judgment in favor of defendants on the issues of undue influence and punitive damages is reversed.

Affirmed in part, reversed in part and remanded.

Judges JOHN and McGEE concur.