INMAN, Judge.
A plaintiff seeking to set aside a conveyance based upon her claim that she was unduly influenced while suffering from severe depression and attention deficit disorder, but who refuses to provide substantive responses to discovery requests regarding her mental condition at the time of the conveyance, cannot raise a genuine issue of material fact in dispute regarding her alleged mental vulnerability to undue influence.
Stephanie Denise Hopkins Binkley ("Plaintiff") appeals from an order granting summary judgment in favor of her only child, Sarah Kate Binkley ("Sarah"), and James Faron Robinson ("Robinson") (collectively, "Defendants") regarding the validity of a deed conveying Plaintiff's home to Defendants. On appeal, Plaintiff argues that there are genuine issues of material fact as to whether the deed was procured through the exercise of undue influence and duress. Plaintiff also contests the legal effect of language included in the deed and the validity of a subsequent affidavit of correction. After careful review, we affirm the trial court.
Factual and Procedural History
The property at issue is a house and lot located at 161 Idlewild Drive in Winston-Salem, North Carolina ("the Property"). Plaintiff's verified complaint and other evidence presented before the trial court, considered in a light most favorable to Plaintiff, tended to show the following:
Plaintiff acquired sole title to the Property in 2007 as a result of divorce proceedings. For several years thereafter, Plaintiff was estranged from Sarah, her only child.
In August 2013, Sarah and Robinson visited Plaintiff and asked to stay in a converted garage on the Property. Plaintiff's house had fallen into disrepair. Plaintiff was in financial distress and suffering from severe depression and attention deficit disorder. Plaintiff agreed to allow Defendants to move into the converted garage and Defendants agreed to repair and make improvements to the Property.
On 27 August 2013, Plaintiff executed a deed conveying the Property to Sarah and Robinson. Plaintiff had agreed to sign the deed after several of Plaintiff's family members, including her father and brother, urged her to convey the Property to her daughter. Plaintiff did not consult an attorney before signing the deed. Plaintiff did not ask the attorney who prepared the deed any questions because "I sort of had been put in a situation where I felt like ... this is what's going to happen because everybody's concerned about me, so let it be."
Plaintiff was 61 years old at the time of the conveyance. She was not dependent upon Defendants and lived and traveled independently. She was free to associate with others, and had contact with other family members, including her sister and father. Plaintiff understood that a deed is "a piece of paper that says you own property."
The deed lists Plaintiff as the grantor, and both Sarah and Robinson as the grantees. A line checked at the bottom of the preprinted form indicated that the property conveyed "d[id] not include the primary residence of a Grantor." The deed contains a habendum clause which provides: "TO HAVE AND TO HOLD the aforesaid lot or parcel of land and all privileges and appurtenances thereto belonging to the Grantee in fee simple." Though a filing stamp at the top of the deed notes "no taxable consideration," the deed itself recites the exchange of consideration.[1] One week after Plaintiff signed the deed, on 3 September 2013, the attorney who prepared the deed signed an affidavit of correction which was recorded that same day. The affidavit made two changes to the deed: (1) it reversed the order of the grantees' names as listed on the special warranty deed (changed to "James Faron Robinson and Sarah Kate Binkley"); and (2) it noted that "[a]ll or a portion of the property herein conveyed includes the primary residence of the Grantor."
After the conveyance and recordation of the deed and affidavit of correction, Sarah and Robinson subdivided the lot and renovated the converted garage, with plans to make improvements to the house following completion of the garage. After obtaining a certificate of occupancy and a separate street address for the renovated garage, Defendants proceeded with construction improvements to the house. They pressured Plaintiff to move all of her belongings out of the house and into storage. Plaintiff moved some of her furniture to the home of her boyfriend, Stephen Jones, in South Carolina, and began staying at Jones' home. On 15 September 2014, when Plaintiff returned to the Property from South Carolina, Defendants forbade her to enter the house and told her they had changed the locks.
On 19 September 2014, Plaintiff filed a complaint for declaratory judgment pronouncing the deed null and void as the product of undue influence and duress or, in the alternative, imposing a constructive trust. Plaintiff also obtained a temporary restraining order prohibiting Defendants from entering the house, from blocking Plaintiff from entering the house, from removing or relocating any of Plaintiff's personal property, and from communicating with Plaintiff. Defendants then consented to the entry of a preliminary injunction providing the same relief to Plaintiff. Plaintiff later filed an amended complaint adding a claim for conversion of her personal property located inside the house.
Defendants sought discovery from Plaintiff relevant to this action, including requesting information and documents about Plaintiff's mental and physical condition at the time of the conveyance. Plaintiff repeatedly refused to comply with the discovery requests.
On 27 August 2015, Defendants filed a motion to compel production of documents responsive to their discovery requests. In the months that followed, Plaintiff continually delayed discovery. Plaintiff provided testimony in a deposition on 2 February 2016. On 24 March 2016, Defendants filed a motion for sanctions related to discovery deficiencies and a motion for summary judgment.
On 5 April 2016, the matter came for a hearing in Forsyth County Superior Court, Judge Anderson D. Cromer presiding. On 22 April 2016, the trial court entered an order granting Defendants' motion for summary judgment as to Plaintiff's claim for declaratory relief to invalidate the conveyance and her claim for the imposition of a constructive trust. The trial court's order concluded that (1) Plaintiff had not presented evidence that she had been subject to undue influence or duress at the time of the conveyance; (2) the affidavit of correction executed and recorded a week after the deed did not alter the scope or character of the conveyance; and (3) the deed constituted a valid conveyance of the Property, including improvements. The trial court also concluded that Plaintiff had not presented evidence of wrongdoing by Defendants, so that there was no basis for the imposition of a constructive trust. The trial court denied Defendants' motion for summary judgment on Plaintiff's claim of conversion.
The trial court also denied Defendants' motion to strike Plaintiff's pleadings or impose monetary sanctions against Plaintiff for noncompliance with discovery, but noted that with respect to the motion for summary judgment, it had excluded from its consideration Plaintiff's physical and mental condition at the time of the conveyance "by virtue of Plaintiff's refusal to allow discovery of any information relevant to these factors, claiming privilege."
Plaintiff voluntarily dismissed the conversion claim without prejudice on 26 April 2016. Plaintiff timely appealed.
Analysis
I. Standard of Review
This Court reviews a trial court's grant of summary judgment de novo. Builders Mut. Ins. Co. v. North Main Constr. , Ltd. , 361 N.C. 85, 88, 637 S.E.2d 528, 530 (2006). Under this standard, the reviewing court "considers the matter anew and freely substitutes its own judgment for that of the lower [court]." State v. Williams , 362 N.C. 628, 632-33, 669 S.E.2d 290, 294 (2008) (internal quotation marks and citation omitted).
Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2015). "Once the movant makes the required showing, the burden shifts to the non-moving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, establishing at least a prima facie case at trial." Stephenson v. Warren , 136 N.C. App. 768, 772, 525 S.E.2d 809, 811-12 (2000).
II. Undue Influence, Duress, and Constructive Trust
Plaintiff contends that Defendants compelled her to convey the Property to them by means of undue influence and duress. Plaintiff further contends that issues of disputed fact were raised in her deposition and that the trial court therefore erred in granting summary judgment in favor of Defendants regarding the validity of the conveyance. We disagree, because Plaintiff failed to produce evidence sufficient to raise any genuine issues of material fact.
"Undue influence is a fraudulent influence over the mind and will of another to the extent that the professed action is not freely done but is in truth the act of the one who procures the result." In re Estate of Loftin , 285 N.C. 717, 722, 208 S.E.2d 670, 674-75 (1974) (citation omitted). A claim of undue influence requires evidence of four general elements: "(1) a person who is subject to influence; (2) an opportunity to exert undue influence; (3) a disposition to exert undue influence; and (4) a result indicating undue influence." Griffin v. Baucom , 74 N.C. App. 282, 286, 328 S.E.2d 38, 41 (1985). "No test has emerged by which [to] measure with mathematical certainty the sufficiency of the evidence to take the issue of undue influence to the jury." Hardee v. Hardee , 309 N.C. 753, 756, 309 S.E.2d 243, 245 (1983). But this Court has identified the following factors to consider in the analysis:
(1) [o]ld age and physical and mental weakness of the person executing the instrument[;] (2) [t]hat the person signing the paper is in the home of the beneficiary and subject to his constant association and supervision[;] (3) [t]hat others have little or no opportunity to see him[;] (4) [t]hat the [instrument is different and revokes a prior instrument[;] (5) [t]hat it is made in favor of one with whom there are no ties of blood[;] (6) [t]hat it disinherits the natural objects of his bounty[; and] (7) [t]hat the beneficiary has procured its execution.
Caudill v. Smith , 117 N.C. App. 64, 66, 450 S.E.2d 8, 10 (1994) (citation omitted).
The record shows that the trial court carefully considered these factors and concluded that Plaintiff had not introduced evidence to raise any genuine issue of material fact. Plaintiff was 61 years old at the time of the conveyance. She lived and traveled independently and was not subject to the constant supervision of Defendants. She was free to associate with others. The deed of conveyance did not differ from or revoke a prior instrument. The deed was made in favor of two parties: Sarah and Robinson. The conveyance to Sarah, Plaintiff's only child, and Robinson, Sarah's boyfriend, did not disinherit the natural subject of Plaintiff's inheritance.
Plaintiff admitted in her deposition testimony that she understood the nature and legal effect of a deed of conveyance. Plaintiff had opportunities before, during, and after execution of the deed to raise questions to clarify her understanding of the transaction if she felt that such a need existed. She declined to ask any such questions. Although Plaintiff presented evidence that Defendants, along with several family members, persuaded her to convey the Property to Defendants, mere persuasion alone is not enough to support a claim of undue influence. See In reCraven's Will , 169 N.C. 641, 650, 86 S.E. 587, 592 (1915)[2] (internal quotation marks and citation omitted) (noting that "[f]air argument and persuasion may be used to obtain the execution of a deed or will[ ]").
On appeal, Plaintiff argues that, at the time of the conveyance, she was in a position of vulnerability to the exercise of undue influence. Plaintiff's verified complaint alleged that she suffered from severe depression and attention deficit disorder, and she testified in her deposition that she was depressed. However, Plaintiff failed to provide any corroborating evidence to support these bald assertions and refused to provide responses to discovery requests relating to her physical and mental condition, claiming privilege. In light of Plaintiff's refusal to provide discovery concerning her mental condition, the trial court did not consider it. In Bumgarner v. Reneau , 332 N.C. 624, 632-33, 422 S.E.2d 686, 691 (1992), our Supreme Court held that a trial court has discretion to exclude evidence in a civil trial where the claimants have failed to produce evidence in response to discovery requests. Here, the trial court's exclusion of Plaintiff's testimonial allegations was, likewise, a procedural sanction for her refusal to reply to discovery requests. Therefore, we hold that there was no genuine issue of material fact regarding Plaintiff's mental condition at the time of conveyance.
Further, because Plaintiff presented no evidence sufficient to raise a genuine issue of disputed fact relevant to other essential elements of her claim of undue influence, summary judgment would have been proper even if the trial court had considered Plaintiff's testimonial allegations regarding her mental condition at the time of the conveyance. The absence of evidence presented by Plaintiff is demonstrated by comparison to a case that she unpersuasively argues is analogous, Stephenson , 136 N.C. App. 768, 525 S.E.2d 809.
The plaintiff in Stephenson sought to set aside a deed conveying her property to a church. Id. at 770, 525 S.E.2d at 810. At the time of the conveyance, the plaintiff was 87 years old and in poor mental health. Id. at 772, 525 S.E.2d at 812. The deed contradicted an earlier contract of sale executed in favor of a third party. Id. at 772, 525 S.E.2d at 812. Additionally, at the time of the transaction, the plaintiff had an attorney-in-fact who was neither present nor informed of the church's intent to seek a transfer of the property from the plaintiff. Id. at 770, 525 S.E.2d at 811. After summary judgment was granted in favor of the grantees, the plaintiff appealed. This Court found genuine issues of material fact on the issue of undue influence, and reversed the order granting summary judgment. Id. at 774, 525 S.E.2d at 813.
Unlike the plaintiff in Stephenson , Plaintiff here was 61 years old, with no physical health complaints, and because she refused to provide any discovery concerning her mental health, the trial court appropriately disregarded her generalized testimony that she was depressed. Plaintiff presented no evidence that the deed of conveyance revoked a previous instrument. Finally, Plaintiff did not have an attorney-in-fact at the time of the conveyance and, in the week prior to the deed's execution, she declined to seek outside counsel. In sum, unlike the plaintiff in Stephenson , Plaintiff failed to produce evidence sufficient to establish any genuine issues of material fact regarding the alleged undue influence.
Because Plaintiff presented insufficient evidence to raise a genuine issue of fact that Defendants exercised undue influence over her, we also affirm the trial court's entry of summary judgment in favor of Defendants as to Plaintiff's claim of duress. "While not synonymous, undue influence and duress are 'related wrongs, and to some degrees overlap.' " In re Estate of Phillips , --- N.C. App. ----, ----, 795 S.E.2d 273, 283 (2016) (quoting Link v. Link , 278 N.C. 181, 191, 179 S.E.2d 697, 703 (1971) ). "Duress is the result of coercion and may be described as the extreme of undue influence and may exist even when the victim is aware of all facts material to his decision." Loftin , 285 N.C. at 722-23, 208 S.E.2d at 675. "Duress exists where one, by the unlawful act of another, is induced to make a contract or perform or forego some act under circumstances which deprive him of the exercise of free will." Stegall v. Stegall , 100 N.C. App. 398, 401, 397 S.E.2d 306, 307 (1990) (internal quotation marks and citations omitted) (emphasis in original). Plaintiff presented no evidence that Defendants compelled her to convey the Property or threatened to harm her if she did not convey the Property. Plaintiff had the time and opportunity to consult with independent legal counsel to raise questions and clarify her understanding, and declined to do so. None of these facts supports the allegation that Plaintiff was deprived of her own free will. We affirm the trial court's conclusion that Plaintiff failed to produce sufficient evidence to establish any genuine issues of material fact regarding the alleged duress.
Plaintiff also challenges the trial court's entry of summary judgment for Defendants on her claim for imposition of a constructive trust. A constructive trust "is a duty, or relationship, imposed by courts of equity to prevent the unjust enrichment of the holder of title to, or of an interest in, property which such holder acquired through fraud, breach of duty or some other circumstance making it inequitable for him to retain it[.]" Cury v. Mitchell , 202 N.C. App. 558, 560, 688 S.E.2d 825, 827 (2010) (internal quotation marks and citation omitted). Unjust enrichment is a "legal term characterizing the result or effect of a failure to make restitution of, or for, property or benefits received under such circumstances as to give rise to a legal or equitable obligation to account therefor." Adams v. Moore , 96 N.C. App. 359, 362, 385 S.E.2d 799, 801 (1989) (internal quotation marks and citation omitted). Neither of Defendants was a fiduciary of Plaintiff. The relationship of parent and child is not sufficient, standing alone, to establish a relationship of trust and confidence. See Hewitt v. Hewitt , ---N.C. App. ----, ----, COA16-16, 2017 WL 1273876, *1, *4 (2017) (unpublished). Plaintiff, therefore, failed to raise any genuine issues of material fact to support her claim for imposition of a constructive trust.
We affirm the trial court's grant of summary judgment in favor of Defendants on Plaintiff's claims for declaratory relief and the imposition of a constructive trust. Plaintiff did not produce evidence, in her deposition or otherwise, to raise any genuine issues of material fact regarding undue influence, duress, or the imposition of a constructive trust.
III. Language of the Deed and Affidavit of Correction
Plaintiff contends that the trial court erred in concluding both that the special warranty deed was a valid conveyance of the Property and that the affidavit of correction did not alter the scope or character of the conveyance. We affirm the trial court's grant of summary judgment, because the provision at issue was included for tax purposes only, and the affidavit of correction was sufficient.
Section 105-317.2 of the North Carolina General Statutes, which governs reports on transfers of real property, provides that:
To facilitate the accurate appraisal of real property for taxation, the information listed in this section must be included in each deed conveying property. The following information is required: (1) [t]he name of each grantor and grantee and the mailing address of each grantor and grantee[;] (2) [a] statement whether the property includes the primary residence of a grantor. Failure to comply with this section does not affect the validity of a duly recorded deed....
N.C. Gen. Stat. § 105-317.2 (2015).
Correction of recorded instruments is governed by N.C. Gen. Stat. § 47-36.1 (2015). "[N]otice of typographical or other minor error in a deed or other instrument recorded with the register of deeds may be given by recording an affidavit." N.C. Gen. Stat. § 47-36.1(a).
Here, the special warranty deed conveying the Property was executed and recorded on 27 August 2013. The deed lists Plaintiff as the grantor, and "Sarah Kate Binkley and James Faron Robinson" as grantees. A line was checked indicating that the property therein conveyed "does not include the primary residence of a [g]rantor." The deed contains a habendum clause which provides: "TO HAVE AND TO HOLD the aforesaid lot or parcel of land and all privileges and appurtenances thereto belonging to the Grantee in fee simple." An affidavit of correction was executed and recorded on 3 September 2013. The affidavit made two changes to the special warranty deed: (1) it reversed the order of the grantees' names as listed on the special warranty deed (changed to "James Faron Robinson and Sarah Kate Binkley"); and (2) it included a new notation providing that "[a]ll or a portion of the property herein conveyed includes the primary residence of the Grantor."
First, it is clear that the special warranty deed conveyed the Property in its entirety, including the house and garage. The preprinted statement, indicating whether or not the Property was the primary residence of the grantor, mirrors the language of N.C. Gen. Stat. § 105-317.2. It was clearly included for tax purposes only, and is not fatal to the deed's validity. Plaintiff conflates the terms "residence" and "house" and argues that the special warranty deed conveyed only the land (effectively severing the house from the Property). This argument is unpersuasive. A conveyance of land is understood to include the houses and other buildings attached to the land. See Whitaker v. Cawthorne , 14 N.C. 316, 317 (1832)[3] (internal quotation marks and citation omitted) (noting that "[t]he word land legally includeth all castles, houses and other buildings, so as passing the land or ground, the structure or building thereupon passeth therewith[,]" and holding that where a "stable was fixed to the land, [it] was in law a part of it[ ]"). Similarly, here, the conveyance of the Property included the land along with the house and garage.
Second, the affidavit of correction precludes Plaintiff's claim that errors in the deed render it invalid. Shortly after the conveyance, the attorney who prepared the deed prepared and signed the affidavit to correct two minor errors: (1) the order of the grantees' names, and (2) the classification of the property conveyed for tax purposes. Correction was therefore proper pursuant to N.C. Gen. Stat. § 47-36.1(a), which provides that notice of minor errors in a deed recorded with the register of deed "may be given by recording an affidavit." The affidavit of correction was executed and duly recorded. The statute does not require that an affidavit of correction be signed by the grantor. N.C. Gen. Stat. § 47-36.1(a). We affirm the trial court's grant of summary judgment, because the primary residence provision was for tax purposes only, was not fatal to the deed, and was sufficiently corrected by the recording of the affidavit of correction.
Conclusion
Because Plaintiff failed to produce or forecast evidence necessary to support her allegations of undue influence and duress, her claims for declaratory judgment and the imposition of a constructive trust were properly dismissed on summary judgment. Because the recitation in the deed regarding whether the conveyance included a primary residence was not necessary to the validity of the deed and was corrected by the recording of the affidavit of correction, the trial court properly dismissed the claim to set aside the deed.
AFFIRMED.
Report per Rule 30(e).
Judges CALABRIA and MCCULLOUGH concur.
Judge Douglas McCullough concurred in this opinion prior to 24 April 2017.

The deed contains the following language: "WITNESSETH, that the Grantor, for a valuable consideration paid by the Grantee, the receipt of which is hereby acknowledged, has and by these presents does grant, bargain, sell and convey unto the Grantee in fee simple, all that certain lot or parcel of land situated in the City of Winston-Salem, Winston Township, Forsyth County, North Carolina[.]"

We note that the table of contents of the North Carolina Reporter indicates that the case begins on page 561. Moreover, Lexis and Westlaw cite the case as 169 N.C. 561.

We note that the table of contents of the North Carolina Reporter indicates that the case begins on page 389. Moreover, Lexis and Westlaw cite the case as 14 N.C. 389.