## GAITHER CORPORATION v. MARK L. SKINNER.

(Filed 2 March, 1955.)

**1. Judgments § 32—**

The doctrine of *res judicata* embodies the general rule that any right, fact, or question in issue and directly adjudicated, or which is necessarily involved in the determination of the action and which should have been presented for adjudication, is conclusively settled by the judgment on the merits rendered by a competent court, and cannot again be litigated between the parties and privies.

**2. Same—**

Under the doctrine of *res judicata*, a party defendant who interposes a part of a claim by way of recoupment, setoff, or counterclaim, is ordinarily barred from recovering the balance of his claim in a subsequent action.

**3. Contracts § 25a—**

Ordinarily, for the breach of an entire and indivisible contract only one action for damages will lie.

**4. Contracts § 9—**

    A contract for the erection of a building in accordance with plans and specifications and the delivery of a turn-key job is an entire and indivisible contract.

**5. Judgments § 32—**

    In an action by the contractor to recover the balance alleged to be due on the construction contract, the owner alleged a counterclaim for damages for the contractor's breach of the construction contract as to several specified items. Judgment by consent was entered. After the institution of that action, the owner sued the contractor for breach of the construction contract as to other specified items. The evidence disclosed that the owner was fully apprised of the defects complained of in the second action prior to the time the consent judgment was entered in the first. *Held:* In the absence of any evidence of fraud or deception, judgment in the first action is a bar to the second.

**6. Same—**

    Ordinarily, upon the plea of *res judicata*, recitals of the judgment are conclusive as to the issues involved.

**7. Trial § 24—**

    Where plaintiff's evidence establishes as a matter of law an affirmative defense set up by defendant, nonsuit is proper.

**8. Trial § 22b—**

    While, ordinarily, defendant's evidence may not be considered in passing upon a motion for nonsuit, it may be considered in so far as it tends to explain or clarify plaintiff's evidence and is not in conflict therewith.

**9. Judgments § 35—**

    On the plea of *res judicata*, defendant introduced in evidence with plaintiff's acquiescence the judgment roll in the prior action. The judgment roll was not in conflict with plaintiff's evidence, but merely explained and clarified the testimony of plaintiff's witnesses in respect thereto. *Held:* The judgment roll was competent to be considered with plaintiff's evidence upon defendant's motion to nonsuit on the ground of *res judicata*.

**10. Same—**

    When the plea of *res judicata* is established as a matter of law upon the evidence adduced, the plea raises no issue of fact for the jury, and the court properly enters judgment of involuntary nonsuit.

APPEAL by plaintiff from *Grady, Emergency Judge,* at October Term, 1954, of PASQUOTANK.

Civil action to recover damages for alleged breach of contract to erect a building.

The plaintiff, Gaither Corporation, entered into a contract with the defendant Skinner by the terms of which the defendant agreed to erect a store building on property belonging to the plaintiff in Elizabeth City. The defendant was to furnish all labor and materials and receive the sum

of $88,454 for a turn-key job in accordance with plans and specifications prepared by the plaintiff's architect.

The building was completed in the late summer of 1950 and the plaintiff's tenant moved in on 14 September, 1950.

In February, 1951, Mark L. Skinner, the defendant herein, instituted an action in the Superior Court of Craven County against Gaither Corporation, the plaintiff herein. In that action Skinner sued for ·an alleged balance of $2,000 due on the contract, and for the further sum of $7,106.56 for additional work and materials in replacing a ceiling after the building was completed. Gaither Corporation by answer denied owing the alleged balance of $2,000 on the ground that Skinner had failed to perform the contract according to its terms. Gaither Corporation also denied owing Skinner anything for the replaced ceiling, and alleged on the contrary that the original ceiling did not conform to the architect's plans and had to be replaced in order to fulfill the terms of the contract. The answer in the Craven County action also contained a counterclaim in which Gaither Corporation sought to recover of Skinner the sum of $8,700 damages for his alleged failure in specified particulars to perform the contract.

The Craven County action was concluded by consent judgment entered at the November 1952 Term of court. The judgment decreed that Skinner recover of Gaither Corporation the total sum of $2,680.25, but allowed Gaither Corporation to retain the $2,000 balance remaining unpaid on the construction contract.

Thereafter, in February, 1953, Gaither Corporation instituted the instant action in the Superior Court of Pasquotank County against Skinner, alleging that Skinner had failed to construct the roof on the building according to the plans and specifications and that he had fraudulently and deceitfully placed on the building a roof of faulty materials, different from those called for in the contract, resulting in serious leakage and making it necessary that the roof be removed and replaced with one of the type specified in the contract, to the damage of Gaither Corporation in the amount of $5,041. The defendant Skinner by answer denied the material allegations of the complaint, and by way of further defense set up as *res judicata* the judgment roll in the prior action.

At the trial of the instant action the plaintiff's evidence disclosed that while the building was under construction the plaintiff's architect supervised and inspected the work as it progressed; that from time to time he issued progress certificates authorizing partial payments on the contract covering phases of the work completed; that when the roof was finished by subcontractor C. R. Hopkins, it was approved by the architect and a progress certificate was issued authorizing payment of $5,300 on the

contract based on completion of the roof, and such progress payment was made by Gaither Corporation on 10 July, 1950.

The evidence further disclosed that the plaintiff discovered defects in the roof in July, 1952; that he had it inspected at that time and again in October, 1952, at which latter time he was fully advised as to the defects in the construction of the roof. The consent judgment disposing of the prior Craven County action was entered 21 November, 1952.

At the close of the evidence, the defendant's motion for judgment as of nonsuit was sustained, and from judgment entered in accordance with such ruling the plaintiff appeals.

*Worth & Horner for plaintiff, appellant.*
*Barden, Stith & McCotter and John H. Hall for defendant, appellee.*

JOHNSON, J.   The doctrine of *res judicata* embodies the general rule that any right, fact, or question in issue and directly adjudicated on or necessarily involved in the determination of an action before a competent court in which a judgment or decree is rendered on the merits is conclusively settled by the judgment therein and cannot again be litigated between the parties and privies. *Armfield v. Moore,* 44 N.C. 157; *Southern Distributing Co. v. Carraway,* 196 N.C. 58, 144 S.E. 535; 50 C.J.S., Judgments, section 592.

In short, the general rule is that "A final judgment rendered by a court of competent jurisdiction, on the merits, is conclusive as to the rights of the parties and their privies, and as to them constitutes an absolute bar to a subsequent action involving the same claim, demand, and cause of action." 30 Am. Jur., Judgments, section 172.

Also, the rules which preclude the splitting of a cause of action or the relitigation of the same cause of action between the same parties are applicable where a cause of action is adjudicated upon, even though all the relief to which the party asserting the cause of action is entitled is not requested or granted in such action. The general rule is that the whole cause of action must be determined in one action, and where an action is brought for a part of a claim, a judgment obtained in the action ordinarily precludes the owner thereof from bringing a second action for the residue of the claim. *Bruton v. Light Co.,* 217 N.C. 1, 6 S.E. 2d 822; *Allison v. Steele,* 220 N.C. 318, 17 S.E. 2d 339; 1 Am. Jur., Actions, section 96; 30 Am. Jur., Judgments, section 173.

It is to be noted that the phase of the doctrine of *res judicata* which precludes relitigation of the same cause of action is broader in its application than a mere determination of the questions involved in the prior action. The bar of the judgment in such cases extends not only to matters actually determined but also to other matters which in the exercise

of due diligence could have been presented for determination in the prior action. *Bruton v. Light Co., supra; Moore v. Harkins,* 179 N.C. 167, 169, 101 S.E. 564; *Wagon Co. v. Byrd,* 119 N.C. 460, 26 S.E. 144; 1 Am. Jur., Actions, section 96; 30 Am. Jur., Judgments, sections 179 and 180.

And under application of the rule precluding subsequent litigation of the same cause of action, a party defendant who interposes only a part of a claim by way of recoupment, setoff, or counterclaim is ordinarily barred from recovering the balance in a subsequent action. *Mann v. Mann,* 176 N.C. 353, 97 S.E. 175; *Manufacturing Co. v. Moore,* 144 N.C. 527, 57 S.E. 213; 30 Am. Jur., Judgments, section 189; Annotation: 8 A.L.R. 694, 734.

Ordinarily, for the breach of an entire and indivisible contract only one action for damages will lie. 12 Am. Jur., Contracts, section 459. An examination of the building contract sued here discloses it is an entire and indivisible contract. 9 Am. Jur., Building and Construction Contracts, section 14; Annotation: 53 A.L.R. 103; 12 Am. Jur., Contracts, section 315 *et seq.*

In the prior action in Craven County Gaither Corporation, the plaintiff herein, set up against Skinner by way of counterclaim a cause of action for damages for failure to perform the building contract. Several items of breach were declared upon in the counterclaim. In the instant case Gaither Corporation attempts to relitigate the same cause of action by seeking damages for another item of the alleged breach; that is, for Skinner's failure to construct the roof in accordance with the terms of the contract. Further recovery is precluded under application of the doctrine of *res judicata.*

True, under application of this doctrine, where the omission of an item from a single cause of action is caused by fraud or deception of the opposing party, or where the owner of the cause of action had no knowledge or means of knowledge of the item, the judgment in the first action does not ordinarily bar a subsequent action for the omitted item. 30 Am. Jur., Judgments, sections 202 and 203.

However, there is no evidence in the instant case of fraudulent or intentional misrepresentation or concealment on the part of the defendant Skinner in respect to the construction of the roof. And the evidence is plenary that the plaintiff, Gaither Corporation, was fully apprised of the defects in the roof in October, 1952; whereas the consent judgment disposing of the Craven County action was not entered until 21 November, 1952. Moreover, it is noted that this judgment expressly stipulates "that the parties take nothing further by reason of this action." And ordinarily recitals of a judgment are conclusive as to the issues involved. 50 C.J.S., Judgments, section 713, p. 182. See also *Bell v. Machine Co.,* 150 N.C. 111, 63 S.E. 680.

The judgment of involuntary nonsuit entered below will be upheld on the ground that the evidence clearly sustains the defendant's plea of *res judicata.*

We have considered the plaintiff's contention that the defendant's plea of *res judicata* raised an issue of fact for the jury. On this record the contention is without substantial merit. It is a well-established principle of procedural law with us that where the plaintiff's evidence establishes as a matter of law an affirmative defense set up by the defendant, nonsuit is proper. *Jarman v. Offutt,* 239 N.C. 468, 80 S.E. 2d 248; *Hedgecock v. Insurance Co.,* 212 N.C. 638, 194 S.E. 86. It is also established with us that while ordinarily the defendant's evidence may not be considered in passing upon a motion for nonsuit, nevertheless, where the defendant's evidence is not in conflict with that offered by the plaintiff, it may be considered in so far as it tends to explain or clarify the plaintiff's evidence. *Nance v. Hitch,* 238 N.C. 1, 76 S.E. 2d 461; *Hare v. Weil,* 213 N.C. 484, 196 S.E. 869; *Harrison v. Railroad,* 194 N.C. 656, 140 S.E. 598. During the trial below the plaintiff's president and principal witness was cross-examined at length concerning the judgment roll in the prior action in Craven County. In the course of the cross-examination counsel for the plaintiff stated he was willing for the complaint, answer, and judgment in the prior action to be offered in evidence. Thereafter, on motion of the defendant, while the plaintiff was in process of offering its evidence, the judgment roll in the prior action was received in evidence, without objection. When the plaintiff rested its case, the defendant offered no further evidence. The contents of the judgment roll in nowise conflict with the plaintiff's evidence. On the contrary, the judgment roll merely explains and clarifies the testimony of the plaintiff's witness in respect thereto. Accordingly, it is proper for the contents of the judgment roll to be considered with the plaintiff's evidence on the question of nonsuit. And when this is done, it is manifest that the evidence adduced below establishes as a matter of law the defendant's affirmative defense of *res judicata.* This being so, the judgment of nonsuit entered below will be upheld.

Affirmed.