SMOKY MOUNTAIN ENTERPRISES, INC. v. JESSE ROSE

No. 80

(Filed 9 May 1973)

1. Judgments § 36— plea of res judicata — parties concluded — corporation and president individually

Smoky Mountain Enterprises, Inc., plaintiff in this action, is bound by the judgment entered in an earlier action instituted by W. F. Burbank, president and sole stockholder of Smoky Mountain Enterprises, Inc., which involved the same paper writing purporting to be a contract of sale, involved the same defendant and was personally controlled, as was the present action, by Burbank who had the same proprietary interest or financial interest in the judgment in both

cases; therefore, the trial court erred in denying defendant's motion to dismiss plaintiff's cause of action on the ground of *res judicata*.

· 2. **Judgments. § 37— res judicata — relief that could have been demanded but was not**

> Where plaintiff individually brought an action for breach of contract and issues were determined adversely to him, he may not subsequently bring an action in the name of the corporation of. which he is sole stockholder based on the same alleged contract asking for money judgment or, in the alternative, that defendant be ordered to relinquish all rights to the business establishment that was the subject of the sale, since relief sought in the subsequent action was available to plaintiff and could have been determined in the earlier ·action.

APPEAL by defendant from *Winner, District Judge,* at the 28 August 1972 Non-Jury Session of BUNCOMBE County District Court, transferred for initial appellate review by the Supreme Court by order dated 26 March 1973, pursuant to G.S. 7A-31(b)(4).

On 26 June 1969 W. F. Burbank and Jesse Rose signed a paper writing purporting to be a sales contract. W. F. Burbank is president and sole stockholder in Smoky Mountain Enterprises, Inc., plaintiff in this case. However, his signature on the contract did not denote his corporate capacity and was not attested to by any other officer of the company. The instrument provides for the sale of all the assets of Smoky Mountain Enterprises, Inc. Consideration for this sale included the payment of all the outstanding accounts of the corporation, weekly payments of $137.50 for a fifty-two week period, and $700 in cash. The instrument provided, "If, during this period Mr. Rose should default in any of the above mentioned conditions, this agreement will immediately be null and void and all assets. shall remain the property of Smoky Mountain Enterprises, Inc., and Mr. Rose will relinquish all rights to said establishment."

The major assets of plaintiff were a bar named "The Hideaway" and certain furniture and equipment contained in that bar. The corporation had a lease on the property which housed "The Hideaway" and a license for the sale of beer and wine on the premises. Rose partially fulfilled his obligation under. the instrument. He paid all the outstanding debts of the corporation and made a $700 cash payment. Additionally, he made weekly payments totaling $2,475.18. Thereafter, apparently because the corporation's beer and wine license was revoked and the corpo-

ration's lease on "The Hideaway" property expired, Rose ceased making the weekly payments. On 15 December 1969 defendant's attorney wrote Burbank that Rose would make no further payments; that he was moving the furniture and fixtures from "The Hideaway" to a safe storage at 48 North Market Street in Asheville, North Carolina; that he had paid the storage for a month in advance; and that at any time during the next month Burbank could obtain the furniture and fixtures by calling Mr. Rose. After receiving this letter, Burbank sold for $800 forty sets of tables and chairs which Rose had stored. Burbank kept the $800.

On 27 February 1970 W. F. Burbank individually instituted an action in the Superior Court of Buncombe County against the defendant in the instant case, Jesse Rose, for breach of the contract of 26 June 1969. On 12 February 1971 Judge Harry Martin granted defendant's motion for summary judgment and dismissed that action with prejudice.

On 7 October 1971 the present action was instituted by Smoky Mountain Enterprises, Inc., as plaintiff, against Jesse Rose. The complaint alleged a breach of this same 26 June 1969 contract and sought a money judgment or specific performance of the contract, or, in the alternative, relinquishment by defendant of all rights to "The Hideaway." Defendant filed an answer, denied plaintiff's allegations, and as a second further defense alleged:

"That the matters in controversy in this cause, as alleged in the complaint, were tried and answered in favor of the defendant in the case of *W. F. Burbank v. Jesse Rose,* heard in the Superior Court of Buncombe County, North Carolina, by the Honorable Harry C. Martin, Judge presiding; a copy of the judgment entered in that case is attached hereto as defendant's Exhibit 'A' and is pleaded as a bar to plaintiff's right to recover in this action for that said judgment finds as a fact that the alleged contract upon which the present action is based is not executed by or on behalf of Smoky Mountain Enterprises, Inc., and defendant pleads said finding and other findings in said judgment as *res judicata* in this action."

On 17 August 1972 defendant filed a motion for judgment on the pleadings and for summary judgment, pleading in bar of plaintiff's right to recover the judgment in favor of defendant

entered by Judge Martin on 12 February 1971. This motion was not passed upon at the time, but was denied on 21 September 1972. On 21 September 1972, after the case was tried, plaintiff filed a motion to amend the complaint to ask for injunctive relief, which motion was allowed by the court on that same date.

The case was tried on 1 September 1972 without a jury. At the close of plaintiff's evidence, defendant moved the court, pursuant to Rule 41 of the Rules of Civil Procedure, for dismissal. The motion was denied. Defendant offered no evidence but renewed his motion for dismissal. This motion was also denied. The trial judge then, after finding facts and stating conclusions of law, entered judgment for plaintiff. The judgment required defendant to deliver to plaintiff all articles sold by plaintiff to defendant under the 26 June 1969 contract, listing among other articles the tables and chairs which plaintiff had already sold, and additionally enjoined the defendant from using the name "The Hideaway" in any manner. From this judgment, defendant appealed to the North Carolina Court of Appeals.

*Clarence N. Gilbert for defendant appellant.*

*Hendon & Carson by George Ward Hendon for plaintiff appellee.*

MOORE, Justice.

[1]   Defendant contends that the court erred in denying defendant's motion to dismiss plaintiff's cause of action on the ground of *res judicata.*

There had been no jury trial in the prior action before Judge Martin. Hence, the plea was determinable on the facts disclosed by the judgment roll in that case. No question was raised as to the authenticity of the judgment entered by Judge Martin. It is incorporated in the agreed case on appeal. Burbank did not object to the findings of fact made by Judge Martin and did not appeal from the judgment dismissing that action. See 1 Strong, N. C. Index 2d, Appeal and Error § 42, p. 185, and cases therein cited. Also, W. F. Burbank, the plaintiff in that case, testified in the present case as follows: "On June 26, 1969, I was President of Smoky Mountain Enterprises, Inc., a corporation in which I owned all the stock." With reference to the action heard by Judge Martin in Superior Court, Burbank further testified:

> "I brought an action in the superior court in my own name individually asking for the same relief I am asking

for now. That action was based on this paper writing that I have introduced to this court. In the superior court action, I contended that that paper writing was a contract between Smoky Mountain Enterprises and Jesse Rose. I was President at the time the paper writing was signed. The corporation had a secretary but I don't remember who it was. I don't have a copy of the Corporate Charter here with me. I don't have anything at all from Smoky Mountain."

Judge Martin's judgment, together with Burbank's testimony in this case, was sufficient to present defendant's plea of *res judicata. Jones v. Mathis,* 254 N.C. 421, 119 S.E. 2d 200 (1961) ; *Current v. Webb,* 220 N.C. 425, 17 S.E. 2d 614 (1941).

Ordinarily the plea of *res judicata* may be sustained only when there is an identity of parties, of subject matter, and of issues. *Leary v. Land Bank,* 215 N.C. 501, 2 S.E. 2d 570 (1939).

". . . Even so, there is a well established exception to this general rule. This Court, in the case of *Light · Co. v. Insurance Co.,* 238 N.C. 679, 79 S.E. 2d 167, speaking through Devin, C.J., said: 'The principle invoked is stated in Restatement of Judgments, sec. 84, as follows: "A person who is not a party but who controls an action, individually or in cooperation with others, is bound by the adjudications of litigated matters as if he were a party if he has a proprietary interest or financial interest in the judgment or *in the determination of a question of act or a question of law with reference to the same subject matter, or transactions;* if the other party has notice of his participation, the other party is equally bound." ' " *Thompson v. Lassiter,* 246 N.C. 34, 97 S.E. 2d 492 (1957).

In the former action Burbank individually was plaintiff. In this action Smoky Mountain Enterprises, Inc., is plaintiff. Burbank is the president and owns all the stock of Smoky Mountain Enterprises, Inc. Notice to the president is notice to the corporation. *Patterson v. Henrietta Mills,* 219 N.C. 7, 12 S.E. 2d 686 (1940). Hence, Smoky Mountain Enterprises, Inc., had notice of the prior action instituted by its president. Burbank was personally in control of the action before Judge Martin in Superior Court and the present action. He had the same proprietary interest or financial interest in the judgment in both cases, and was equally concerned with the determination of questions of fact or questions of law pertaining to the contract which was involved in both actions.

We hold, therefore, that for the purpose of the plea of *res judicata,* Smoky Mountain Enterprises, Inc., is bound by the judgment of Judge Martin.

[2]   Under the complaint as originally filed in this action, the plaintiff asked for money judgment in the amount of $4,939, or, in the alternative, that the defendant be ordered to relinquish all rights to the establishment known as "The Hideaway." By amendment to the complaint, plaintiff also seeks injunctive relief. Plaintiff in the previous action could have asked for any remedy available under the contract. Plaintiff cannot in this action seek relief which, in the exercise of reasonable diligence, could have been presented for determination in the prior action.

As stated in *Gaither Corp. v. Skinner,* 241 N.C. 532, 85 S.E. 2d 909 (1955):

> ". . . The general rule is that the whole cause of action must be determined in one action, and where an action is brought for a part of a claim, a judgment obtained in the action ordinarily precludes the owner thereof from bringing a second action for the residue of the claim. *Bruton v. Light Co.,* 217 N.C. 1, 6 S.E. 2d 822; *Allison v. Steele,* 220 N.C. 318, 17 S.E. 2d 339; 1 Am. Jur., Actions, section 96; 30 Am. Jur., Judgments, section 173.

> "It is to be noted that the phase of the doctrine of *res judicata* which precludes relitigation of the same cause of action is broader in its application than a mere determination of the questions involved in the prior action. The bar of the judgment in such cases extends not only to matters actually determined but also to other matters which in the exercise of due diligence could have been presented for determination in the prior action. *Bruton v. Light Co., supra; Moore v. Harkins,* 179 N.C. 167, 169, 101 S.E. 564; *Wagon Co. v. Byrd,* 119 N.C. 460, 26 S.E. 144; 1 Am. Jur., Actions, section 96; 30 Am. Jur., Judgments, sections 179 and 180."

*Accord, Garner v. Garner,* 268 N.C. 664, 151 S.E. 2d 553 (1966); *Wilson v. Hoyle,* 263 N.C. 194, 139 S.E. 2d 206 (1964).

Final judgment adverse to plaintiff was entered in the first action. That judgment is *res judicata* and constitutes a bar to the present action. It is not necessary to consider other assignments of error.

The cause is remanded to the District Court of Buncombe County for the entry of judgment dismissing the action. The judgment entered in the District Court of Buncombe County is reversed.

Reversed.