FRANK A. MOODY, II, PLAINTIFF-APPELLEE v. ABLE OUTDOOR, INC.; PNE MEDIA HOLDINGS, L.L.C.; PNE/ABLE, L.L.C.; PNE MEDIA, L.L.C; BRAUN INSURANCE GROUP OF THE CAROLINAS, INC.; AND MORGAN & MORGAN LTD., DEFENDANTS-APPELLANTS

No. COA03-1493

(Filed 15 March 2005)

**1. Appeal and Error— appealability—denial of summary judgment—res judicata—immediate appeal**

The denial of a motion for summary judgment on the basis of res judicata affects a substantial right and entitles a party to an immediate appeal.

MOODY v. ABLE OUTDOOR, INC.

[169 N.C. App. 80 (2005)]

**2. Appeal and Error— standard of review—denial of summary judgment**

The standard of review for a superior court order denying a motion for summary judgment is de novo.

**3. Collateral Estoppel and Res Judicata— sale of business— prior actions—res judicata**

Prior judgments in two earlier cases and res judicata barred plaintiff from bringing the current action against the PNE defendants arising from the sale of a business, a lease agreement, and the failure to maintain fire insurance. Summary judgment should have been granted for defendants.

Judge TYSON concurring in the result only.

Appeal by defendants from order dated 14 August 2003 by Judge Zoro J. Guice, Jr. in Buncombe County Superior Court. Heard in the Court of Appeals 1 September 2004.

*Kelly & Rowe, P.A., by E. Glenn Kelly, for plaintiff-appellee.*

*McGuire, Wood & Bissette, P.A., by T. Douglas Wilson, Jr., for defendants-appellants.*

*Kilpatrick Stockton, L.L.P., by Stephen E. Husdon, pro hoc vice, for defendants-appellants.*

BRYANT, Judge.

Able Outdoor, PNE Media Holdings, PNE/Able, and PNE Media, (collectively PNE defendants) appeal from a 14 August 2003 order denying defendant's motion for summary judgment.

In February 1999, Frank A. Moody, II (plaintiff) sold his billboard company, Able Outdoor, to PNE. Able Outdoor's three-year lease to occupy the building owned by plaintiff was assigned to PNE. One of the lease provisions required PNE to maintain fire insurance on the "buildings, improvements, and fixtures" or notify plaintiff in the event insurance coverage ceased. In January 2001, PNE ceased using the leased building and abandoned the space, since the PNE division occupying Moody's space had been sold to another billboard company.

In February 2001, fire insurance for the building was canceled. Another billboard company, SMS Media, L.L.C., operated by Julie

Snipes then moved into the building. Snipes obtained fire insurance to cover the building and its contents. In November 2001, plaintiff contacted Braun Insurance about procuring fire insurance. Shortly thereafter and about the time plaintiff had listed his building for sale with a real estate agent, a fire occurred, damaging the building.

Plaintiff has brought three separate actions arising out of his business relationship with PNE defendants. Plaintiff filed a lawsuit (Case I) against PNE defendants on 24 May 2001 for the following: breach of contract (based on failure to pay rent from August 1999 to December 1999); fraud (based on misrepresentations regarding the timing and proceeds from a public stock offering of PNE Holdings); unfair and deceptive trade practices (based on the sale of Able Outdoor assets to be used to pay PNE Media Holdings' debts; and breach of employment contract (based on failure to pay alleged bonuses, vacation benefits and contract termination fees). Defendants counterclaimed. Almost two years later, on 4 February 2003, all claims and counterclaims were dismissed with prejudice.

On 28 January 2002 plaintiff filed a second lawsuit, this one in federal court (Case II) against PNE Media Holdings and several individual defendants initially alleging securities fraud and breach of contract based on an alleged violation of a stock purchase agreement. Defendants counterclaimed. The matter was sent to arbitration. Plaintiff then amended his complaint to add claims for: fraud (based on violations of state and federal securities law); breach of contract (based on failure to pay plaintiff pursuant to the lease agreement for rent and for the purchase of Able Outdoor); breach of fiduciary duty (for conduct including breach of lease agreement and canceling fire insurance without notifying plaintiff); fraud and misrepresentation; negligence and negligent misrepresentation; respondeat superior; and breach of the implied covenant of good faith and fair dealing. The claims were arbitrated and a judgment entered on 3 June 2003 dismissing all claims, with prejudice.

The present action was filed on 25 February 2002 (present action) against Case I PNE defendants (Able Outdoor, PNE Media Holdings, PNE/Able, and PNE Media); Braun Insurance Group (plaintiff's insurance broker), and Morgan & Morgan (PNE defendants' insurance broker). In the present action, plaintiff alleged PNE defendants were in breach of contract (based on allowing the fire insurance policy to lapse) and had committed unfair and deceptive trade practices. Plaintiff alleged Morgan & Morgan breached the

## MOODY v. ABLE OUTDOOR, INC.

[169 N.C. App. 80 (2005)]

lease agreement and breached the fiduciary duty owed to plaintiff by canceling the insurance and failing to notify him accordingly. Plaintiff alleged Braun Insurance Group breached the lease agreement and the fiduciary duty owed to plaintiff by listing Julie Snipes, instead of plaintiff, as policy holder.

In Case I, pursuant to a Settlement Agreement entered on 4 February 2003, the parties agreed to jointly dismiss all claims and counterclaims with prejudice. In Case II, plaintiff's and defendants' claims and counterclaims were resolved through arbitration. Most significantly, in Case II plaintiff's claim for breach of fiduciary duty (for conduct including breach of the lease agreement and canceling the fire insurance without notifying plaintiff) was dismissed with prejudice in an order confirming the arbitration award dated 3 June 2003. In the present action PNE defendants filed a motion for summary judgment based on res judicata which was denied on 14 August 2003.

PNE defendants appeal.

---

The dispositive issue is whether the trial court erred in denying defendants' motion for summary judgment. Because we find that summary judgment should have been granted based on res judicata, we reverse the decision of the trial court.

[1] The denial of a motion for summary judgment is interlocutory and not immediately appealable unless it affects a substantial right. N.C. Gen. Stat. § 7A-27 (2003). The denial of a motion for summary judgment on the basis of res judicata affects a substantial right and thus, entitles a party to an immediate appeal. *Bockweg v. Anderson*, 333 N.C. 486, 491, 428 S.E.2d 157, 160 (1993). Therefore, PNE defendants' appeal is properly before this Court.

[2] In reviewing a superior court order denying a motion for summary judgment, the standard of review is de novo. *Falk Integrated Techs., Inc. v. Stack*, 132 N.C. App. 807, 809, 513 S.E.2d 572, 574 (1999). Such review requires a two-step analysis whereby "[s]ummary judgment is appropriate if (1) the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact; and (2) the moving party is entitled to judgment as a matter of law." *Stephenson v. Warren*, 136 N.C. App. 768, 771-72, 525 S.E.2d 809, 811-12 (2000). "Once the movant makes the required showing, the burden shifts to the non-moving party to produce a forecast of evidence demonstrat-

ing specific facts, as opposed to allegations, establishing at least a prima facie case at trial." *Id.* "Summary judgment is appropriate for the defending party when (1) an essential element of the other party's claim or defense is non-existent; (2) the other party cannot produce evidence to support an essential element of its claim or defense; **or (3) the other party cannot overcome an affirmative defense which would bar the claim.**" *Caswell Realty Assocs. I, L.P. v. Andrews Co.*, 128 N.C. App. 716, 720, 496 S.E.2d 607, 611 (1998) (emphasis added) (citing *Gibson v. Mutual Life Ins. Co. of N.Y.*, 121 N.C. App. 284, 465 S.E.2d 56 (1996)).

[3] Res judicata precludes a second suit involving the same claim between the same parties or those in privity with them when there has been a final judgment on the merits in a prior action in a court of competent jurisdiction. *Northwestern Fin. Group v. County of Gaston*, 110 N.C. App. 531, 536, 430 S.E.2d 689, 692-93 (1993) (citations omitted). A judgment operates as an estoppel not only as to all matters actually determined or litigated in the proceeding, "but also as to all relevant and material matters within the scope of the proceeding which the parties, in the exercise of reasonable diligence, could and should have brought forward for determination." *Rodgers Builders, Inc. v. McQueen*, 76 N.C. App. 16, 22, 331 S.E.2d 726, 730 (1985). "In general, 'privity involves a person so identified in interest with another that he represents the same legal right' previously represented at trial." *State v. Summers*, 351 N.C. 620, 623, 528 S.E.2d 17, 20 (2000) (quoting *State ex rel. Tucker v. Frinzi*, 344 N.C. 411, 417, S.E.2d 127, 130 (1996)). In determining whether such a privity relationship exists, " 'courts will look beyond the nominal party whose name appears on the record as plaintiff and consider the legal questions raised as they may affect the real party or parties in interest.' " *Whitacre P'ship v. Biosignia, Inc.*, 358 N.C. 1, 36, 591 S.E.2d 870, 893 (2004) (citing *State v. Summers*, 351 N.C. 620, 623-24, 528 S.E.2d 17, 21 (2000).

PNE defendants contend the trial court committed error by failing to grant summary judgment based on the doctrine of res judicata. In order to successfully assert the doctrine of res judicata, a litigant must prove the following essential elements: (1) a final judgment on the merits in an earlier suit, (2) an identity of the causes of action in both the earlier and the later suit, and (3) an identity of the parties or their privies in the two suits.

In the present action, this Court must determine if the prior judgments (in either Case I or Case II) bar plaintiff from bringing

the present action against PNE defendants. It is clear that Case I resulted in a final judgment on the merits due to a joint dismissal with prejudice entered by all parties in settlement on 4 February 2003. *See Riviere v. Riviere*, 134 N.C. App. 302, 306, 517 S.E.2d 673, 676 (1999) (quoting *Caswell Realty Assoc. v. Andrews Co.*, 128 N.C. App. 716, 720, 496 S.E.2d 607, 610 (1998) ("[A] voluntary dismissal with prejudice is a final judgment on the merits")); *Kabatnik v. Westminster Co.*, 63 N.C. App. 708, 712, 306 S.E.2d 513, 515 (1983); *Barnes v. McGee*, 21 N.C. App. 287, 290, 204 S.E.2d 203, 205 (1974). It is also clear that the parties involved in Case I (*Moody v. PNE* defendants) are the same as those in the present action.

In Case II plaintiff brought state and federal claims against only one of the PNE defendants, PNE Media Holdings. All claims and counterclaims were dismissed in arbitration, including plaintiff's claim that PNE defendants were liable for canceling fire and extended insurance coverage under the 12 February 1999 lease. PNE defendants now assert that plaintiff's claims in Case II are the same as in the present action. PNE defendants also assert that PNE Media Holdings was in privity with PNE defendants, and therefore, the dismissal of the claims against PNE Media Holdings through federal arbitration preclude plaintiff's claim against all PNE defendants in the present action. We agree.

"The doctrine of res judicata applies to a judgment entered on an arbitration award as it does to any other final judgment." *Rodgers*, 76 N.C. App. at 22, 331 S.E.2d at 730 (breach of contract claims asserted in the present action were, or should have been, brought forward in the arbitration proceeding, therefore the plaintiff's claims were barred by res judicata); *see also Futrelle v. Duke Univ.*, 127 N.C. App. 244, 250-51, 488 S.E.2d 635, 640 (1997).

Our Supreme Court has held that for the "breach of an entire indivisible contract only one action for damages will lie." *Gaither Corp. v. Skinner*, 241 N.C. 532, 536, 85 S.E.2d 909, 912 (1955); *accord Bockweg*, 333 N.C. at 494, 428 S.E.2d at 162 (1993). Here, plaintiff has brought three actions for breach of the same contract. The single, three-year lease agreement between plaintiff and Able Outdoor dated 12 February 1999 is an "entire and indivisible contract."

At the crux of the res judicata issue is plaintiff's Revised Statement of Claim in Case II, where plaintiff alleges:

4. Fiduciary Duty . . . Respondents failed to act in good faith and breached their duty owed to Claimant by engaging in the (e)

**breaching the Lease Agreement between Claimant and
Able Outdoor including, but not limited to, the cancella-
tion of insurance coverage on the premises in violation of
Paragraph 6 of the Lease Agreement, the failure to notify
Claimant of the cancellation in a timely manner and the
failure to notify Claimant of the transfer of the Lease
Agreement from Able to PNE.**

(Emphasis added).

In an effort to explain his legal strategy, in his brief, plaintiff
points to the following language:

Where the omission of an item from a single cause of action
is caused by fraud or deception of the opposing party, **or where
the owner of the cause of action had no knowledge or
means of knowledge of the item, the judgment in the first
action does not ordinarily bar a subsequent action for the
omitted item.**

*Gaither Corp.*, 241 N.C. at 536, 85 S.E.2d at 912 (emphasis added).

Applying the above principle from *Gaither Corp.* to the present
action, we agree plaintiff could not have known in May 2001 when he
filed Case I that a fire would occur in November 2001 and cause
extensive property damage. There is, however, some question as to
whether plaintiff knew his building was not covered by insurance at
the time he filed Case I. Notwithstanding, plaintiff amended his
complaint on 9 October 2001 to include additional damages. Plain-
tiff filed no other amendments to Case I between the time of the
fire in November 2001 and the settlement of Case I on 4 February
2003. Therefore, instead of amending Case I to include damages
incident to the fire as part of the breach of contract claim, plaintiff
filed another complaint, Case II, and therein asserted a breach of
fiduciary duty claim against PNE Media Holdings for canceling fire
insurance and failing to notify plaintiff of the cancellation. Plaintiff
certainly cannot claim lack of knowledge of the fire loss at the time
he filed Case II.

In Case II, PNE defendants' asserted res judicata as an affirmative
defense alleging plaintiff's claims should have been asserted in Case
I, which was then still pending. After receiving PNE defendants'
answer, plaintiff revised and expanded his "Statement of Claim" in
Case II to include state law claims for fraud, breach of contract, neg-
ligence, and breach of fiduciary duties based on PNE defendants'

**MOODY v. ABLE OUTDOOR, INC.**

[169 N.C. App. 80 (2005)]

conduct in canceling the fire insurance. The arbitrator in Case II dismissed all claims of plaintiff's and defendants', including plaintiff's claim against PNE Media for "the cancellation of the insurance policy and the failure to notify plaintiff of the cancellation."

It is well settled that under principles of res judicata a final judgment is conclusive "not only as to all matters actually litigated and determined, but also as to matters which could properly have been litigated and determined in the former action. . . ." *Fickley v. Greystone Enters.*, 140 N.C. App. 258, 260, 536 S.E.2d 331, 333 (2000) (citations omitted); *See, e.g., Holly Farm Foods, Inc. v. Kuykendall*, 114 N.C. App. 412, 442 S.E.2d 94 (1994) (holding res judicata precluded landlord from bringing second action for damages of unpaid future rents after a final judgment determined tenant's damages arising out of the breach of lease in landlord's first action) (emphasis added).

"The procedural history of the case below demonstrates that plaintiff[] [chose] not to have all [] claims adjudicated in the prior lawsuit. The doctrine of res judicata estops [him] from litigating any of those claims in a second lawsuit." *Ballance v. Dunn*, 96 N.C. App. 286, 292, 385 S.E.2d 522, 525 (1989). We find the above language in *Dunn* particularly appropriate in this case. The doctrine of res judicata requires the dismissal of all plaintiff's claims against PNE defendants since plaintiff has already obtained a final judgment regarding his claim for breach of the lease agreement in Case I and in Case II. There are no genuine issues of material fact as to plaintiff's claim of fire loss arising out of PNE defendants' failure to maintain insurance, or to notify plaintiff of a cancellation of policy. Because defendants have successfully asserted the doctrine of res judicata the trial court erred in denying PNE defendants' motion for summary judgment.

Reversed and remanded.

Judge HUDSON concurs.

Judge TYSON concurs in the result only.

TYSON, Judge concurring in the result only.

Because plaintiff could have asserted this cause of action in *Case I* but failed to do so, I vote to reverse the trial court's order. Any dis-

cussion of *Case II* is unnecessary to resolve this appeal. I respectfully concur in the result only of the majority's opinion.

## I. *Res Judicata*

Under the doctrine of *res judicata*, "a final judgment on the merits in a prior action will prevent a second suit based on the same cause of action between the same parties or those in privity with them." *Thomas M. McInnis & Assoc., Inc. v. Hall*, 318 N.C. 421, 428, 349 S.E.2d 552, 556 (1986). "The doctrine of *res judicata* is a principle of universal jurisprudence, forming a part of the legal systems of all civilized nations as an obvious rule of expediency, justice and public tranquillity." *Queen City Coach Company v. Frank Burrell*, 241 N.C. 432, 434-35, 85 S.E.2d 688, 691 (1955) (citation omitted).

"The essential elements of *res judicata* are: (1) a final judgment on the merits in an earlier lawsuit; (2) identity of the cause of action in the prior suit and the later suit; and (3) an identity of the parties or their privies in both suits." *Culler v. Hamlett*, 148 N.C. App. 389, 392, 559 S.E.2d 192, 194 (2002). " 'Strict identity of issues . . . is not absolutely required and the doctrine of *res judicata* has been accordingly expanded to apply to those issues which *could have been raised* in the prior action.' " *Stafford v. County of Bladen*, 163 N.C. App. 149, 152, 592 S.E.2d 711, 713 (emphasis supplied) (quoting *Caswell Realty Assoc. v. Andrews Co.*, 128 N.C. App. 716, 720, 496 S.E.2d 607, 610 (1998)), *appeal dismissed and disc. rev. denied*, 358 N.C. 545, 599 S.E.2d 409, (2004).

Our Supreme Court noted long-ago that "[t]he bar of the judgment in such cases extends not only to matters actually determined but also to other matters which in the exercise of due diligence could have been presented for determination in the prior action." *Gaither Corp. v. Skinner*, 241 N.C. 532, 535-36, 85 S.E.2d 909, 911 (1955) (citation omitted). In analyzing the doctrine of *res judicata* as it applies to breach of contract claims, "[o]rdinarily, for the breach of an entire and indivisible contract only one action for damages will lie." *Gaither Corp.*, 241 N.C. at 536, 85 S.E.2d at 912 (citation omitted).

In *Bockweg v. Anderson*, our Supreme Court held that *res judicata* did not bar the plaintiffs' action where they were "seeking a remedy for a separate and distinct negligent act leading to a separate and distinct injury." 333 N.C. 486, 494, 428 S.E.2d 157, 163 (1993). However, *Bockweg* reconciled its result with that in *Gaither* by clearly distinguishing the causes of action: "While *Gaither* may be

read broadly as defendants contend, *Gaither* dealt with *res judicata* only in the context of a second suit for damages under an entire and indivisible contract, not a negligence action as in the instant case." *Id.* at 494, 428 S.E.2d at 162; *see also Davenport v. North Carolina Dep't of Transp.*, 3 F.3d 89 (4th Cir. 1993).

## II. Analysis

I would follow our Supreme Court's reasoning in both *Bockweg* and *Gaither* to reverse the trial court's order denying PNE defendants' motion for summary judgment. Here, plaintiff brought the first cause of action on 25 May 2001. Barely one month prior to the fire, in October 2001, plaintiff amended his complaint to include additional causes of action. Presuming plaintiff was unaware at the time of the first action that PNE defendants were in breach of the contract for failure to procure fire insurance, plaintiff most certainly became aware of PNE defendants' breach in November 2001 following the fire.

The "exercise of due diligence" language in *Gaither* should not be construed broadly. Considering the facts of this case, plaintiff not only *could have* amended his complaint to include another claim for breach of contract, but *should have* included this action. The action at bar was filed 25 February 2002, while *Case I* was still pending. The parties did not settle *Case I* until 4 February 2003, a year after the filing of the action at bar.

Following the well-established rule that "for the breach of an entire and indivisible contract only one action for damages will lie," *Gaither Corp.*, 241 N.C. at 536, 85 S.E.2d at 912, plaintiff had the opportunity, upon discovery of additional breaches, to include any additional claims arising out of the *only* contract it had with PNE defendants. *See Smoky Mountain Enterprises, Inc. v. Jesse Rose*, 283 N.C. 373, 378, 196 S.E.2d 189, 192 (1973) ("Plaintiff cannot in this action seek relief which, in the exercise of reasonable diligence, could have been presented for determination in the prior action.").

I would reverse the trial court solely on this basis. Any discussion in the majority's opinion regarding *Case II* and privies is unnecessary to the resolution of this case. I respectfully concur in the result only in the majority's opinion.