**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-2031**

ASHUTOSH RON VIRMANI, M.D.,

Plaintiff - Appellant,

versus

PRESBYTERIAN HEALTH SERVICES CORPORATION,
a/k/a Novant Health Incorporated,

Defendant - Appellee.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte. Graham C. Mullen, Chief
District Judge. (CA-99-15-3-V)

Submitted: August 1, 2006          Decided: August 14, 2006

Before MICHAEL, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Seth R. Cohen, SMITH, JAMES, ROWLETT & COHEN, L.L.P., Greensboro,
North Carolina, for Appellant. John R. Wester, Louis A. Bledsoe,
III, Douglas M. Jarrell, ROBINSON, BRADSHAW & HINSON, P.A.,
Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

This case was before us earlier in an interlocutory appeal taken by the defendant, Novant Health, Inc. (Novant), during the discovery phase. Now, the plaintiff, Ashutosh Ron Virmani, M.D., appeals the summary judgment granted to Novant. The district court concluded that a prior state court judgment precluded Virmani's federal claim. We affirm.

We previously described the facts and the case as follows:

> Dr. Virmani is an obstetrician-gynecologist who was granted medical staff membership and clinical privileges at Presbyterian Hospital and Presbyterian Hospital Matthews (collectively, "Presbyterian"). [These hospitals, located in the Charlotte, North Carolina, area are subsidiaries of Novant.] During a laparoscopic procedure in 1994 at Presbyterian Hospital, Virmani inadvertently punctured the iliac artery of a patient, creating a life-threatening emergency. Virmani states that this is a known possible complication of the procedure. Following a lengthy series of [review] proceedings, Presbyterian suspended Virmani's staff membership and clinical privileges.

> The first review (the "First Peer Review"), conducted by Presbyterian's OB/GYN Committee, lasted five months, from March through August of 1995. The Committee reviewed all cases in which Virmani had been the primary care physician since August of 1993 and found 24 of the 102 cases to be problematic. Based on the Committee's report, Novant suspended Virmani's privileges, pending a review by Presbyterian's Medical Board. At Virmani's request, the Hearing Committee of the Medical Board, which is composed of three physicians, conducted a full hearing on November 21, 1995. Following that hearing, the Medical Board voted to terminate Virmani's medical staff privileges. Presbyterian's Board of Trustees upheld that decision on January 19, 1996.

On January 22, 1996, Virmani filed an action against Novant in North Carolina state court, alleging that the manner in which Presbyterian had suspended Virmani's privileges breached its bylaws. The trial court ordered Novant to give Virmani a new peer review proceeding, to be conducted by a peer review body composed of physicians from outside Presbyterian. In August of 1997, the North Carolina Court of Appeals affirmed the trial court's order to the extent it required a second peer review, but reversed as to the requirement that the second peer review body consist of an external committee. See Virmani v. Presbyterian Health Servs. Corp., 127 N.C. App. 71, 488 S.E.2d 284, 289 (1997) [discretionary rev. denied, 347 N.C. 141, 492 S.E.2d 38, 39 (1997)]. Presbyterian then began a second internal peer review (the "Second Peer Review"), using a committee composed of members different from those who had conducted the First Peer Review. As a result of the Second Peer Review, the Medical Board and the Board of Trustees again decided to terminate Virmani's staff privileges.

Virmani filed the instant action in federal court on January 15, 1999, alleging that the termination of his privileges constituted discrimination against him on the basis of his race and national origin, in violation of [42 U.S.C. §§ 1981, 1985]. [Virmani is of Indian origin.] He claims that the hospital performed its medical peer review functions in a discriminatory manner, treating non-Indian physicians differently and disciplining them less harshly. Virmani also asserted state law claims for intentional infliction of emotional distress and negligent infliction of emotional distress.

Virmani v. Novant Health Inc., 259 F.3d 284, 285-86 (4th Cir. 2001).

Novant's answer and motion to dismiss raised the doctrine of claim preclusion as an affirmative defense. The case proceeded to discovery. In the interlocutory appeal we upheld the district court's order denying Novant's motion for a protective order and granting Virmani's motion to compel certain records related to the peer reviews. Id. at 293. The case resumed, and in November 2004

3

Virmani took a voluntary dismissal without prejudice of his § 1985 claim and moved to amend the complaint to add a breach of contract claim. Novant moved for summary judgment. In March 2005 the district court ordered supplemental briefing on the doctrine of claim preclusion.

The district court granted summary judgment to Novant on August 12, 2005. The court reasoned that Virmani's failure to raise his § 1981 claim in the state court action precluded him from pursuing that claim in federal court. It also concluded that the breach of contract claim Virmani sought to add through amendment was precluded. This appeal followed. We review de novo the district court's grant of summary judgment. Laber v. Harvey, 438 F.3d 404, 415 (4th Cir. 2006) (en banc).

We must determine whether the judgment in Virmani's North Carolina state court action precluded his subsequent federal action. Pursuant to 28 U.S.C. § 1738, state judicial proceedings shall have the same full faith and credit in every court within the United States as they have in the courts of the state from which they are taken. As a result, "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City Sch. Dist. Bd. of Ed., 465 U.S. 75, 81 (1984). Here, we apply North Carolina law of claim

4

preclusion (also called res judicata) to determine the effect of the North Carolina judgment.

In North Carolina "under res judicata as traditionally applied, a final judgment on the merits in a prior action will prevent a second suit based on the same cause of action between the same parties or those in privity with them." Thomas M. McInnis & Assocs., Inc. v. Hall, 318 N.C. 421, 428, 349 S.E.2d 552, 556 (1986). "The doctrine prevents the relitigation of 'all matters . . . that were or should have been adjudicated in the prior action.'" Whitacre P'ship v. BioSignia, Inc., 358 N.C. 1, 15, 591 S.E.2d 870, 880 (2004) (quoting id.); see Gaither Corp. v. Skinner, 241 N.C. 532, 535-36, 85 S.E.2d 909, 911 (1955) ("The bar of the judgment . . . extends not only to matters actually determined, but also to other matters which in the exercise of due diligence could have been presented for determination in the prior action."). As a result, "a final judgment is conclusive not only as to all matters actually litigated and determined, but also as to matters which could properly have been litigated and determined in the former action." Moody v. Able Outdoor, Inc., 169 N.C. App. 80, 87, 609 S.E.2d 259, 263 (N.C. Ct. App. 2005) (punctuation omitted).

It is undisputed that Virmani's state court judgment was final and that the parties in this case are the same as those in the earlier one. Only the requirement that there be a single cause of action in the earlier and later suits is contested. Although

Virmani's state court complaint asserted a breach of contract claim and his federal complaint asserted a § 1981 claim, we conclude that the § 1981 claim could properly have been litigated and determined in the former action, and thus there was a single cause of action. Virmani contends that at the time he commenced his state court breach of contract action, he could not have reasonably known that he had a § 1981 claim and that the cause of action therefore is not the same in the two suits. We reject this argument.

To begin with, the conduct underlying the § 1981 claim preceded filing of the state suit. Virmani's federal complaint alleged that Novant's acts of contract-related discrimination began as early as December 1994, when the hospital "conducted a 100 percent focused 'peer review' of [Virmani's] performance in utter secrecy." J.A. 112. This was long before he filed his state court action. Next, there is evidence that Virmani suspected he was being treated differently because of his national origin even before the laparoscopy accident that triggered Novant's focused review of his work. In a letter dated January 1997, Virmani stated, "During the 2 year period, October, 1993 – August, 1995, that I worked at Presbyterian, I felt 'marked.' I was treated very differently from the other 'native' physicians who worked there.'" J.A. 1284. Although the word 'native' may be susceptible to more than one interpretation, in the same letter Virmani made clear that his concern was focused on racial or national origin discrimination

when he alleged that "[w]hat is happening to me as the first Asian-Indian OB-GYN in Charlotte has not happened to anybody in Charlotte before me." J.A. 1286. Finally, nearly all of the public information on which Virmani relied in alleging that Novant treated him less favorably than white physicians with equivalent or worse performance records concerned events that transpired before the state suit commenced. In particular, Virmani's complaint alleged that Novant did not conduct an extensive peer review or suspend the privileges of several white physicians, even though patients accused them of medical malpractice in North Carolina state courts. Those alleged incidents of malpractice occurred in 1982, 1990, 1992, and 1994, before Virmani filed his state court suit. J.A. 107-08.

In sum, the record shows that Virmani could properly have presented and litigated his § 1981 claim at the time he sued Novant in state court. The § 1981 claim is therefore a matter that "should have been adjudicated in the prior action," Whitacre P'ship, 358 N.C. at 15, 591 S.E.2d at 880 (punctuation omitted), and the doctrine of claim preclusion prohibited Virmani's federal action. The district court's denial of leave to amend the federal complaint to add the breach of contract claim was likewise correct, as that claim was also precluded by the state court action.

For these reasons, we affirm the judgment of the district court. We deny the pending motion by Novant for leave to file a

surreply.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

AFFIRMED