An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-479

Filed 15 April 2026

New Hanover County, No. 23CVS002930-640

W.M. JORDAN COMPANY, INCORPORATED, Plaintiff,

v.

CONCRETE TECHNIQUES AND DESIGN INC., Defendant.

Appeal by Plaintiff from order entered 15 December 2023 by Judge Clinton Rowe in New Hanover County Superior Court. Heard in the Court of Appeals 5 November 2024.

> *McAngus, Goudelock & Courie, PLLC, by Jeffrey B. Kuykendal and Walt Rapp, for Plaintiff-Appellant.*

> *Cranfill Sumner LLP, by Steven A. Bader and Daniel G. Katzenbach, for Defendant-Appellee.*

CARPENTER, Judge.

W.M. Jordan Company Incorporated ("Plaintiff") appeals from a trial court's decision to grant a motion to dismiss filed by Concrete Techniques and Design Inc. ("Defendant"). On appeal, Plaintiff argues the trial court erred by: (1) concluding it had authority to determine that res judicata barred Plaintiff's complaint; and (2)

W.M. Jordan Company, Inc. v. Concrete Techs. and Design Inc.

*Opinion of the Court*

applying res judicata to dismiss Plaintiff's complaint. After careful review, we reverse and remand.

## I. Factual & Procedural Background

Plaintiff is a Virginia corporation. Wilmington Hotel Group, LLC ("Owner") is an entity comprised of two North Carolina members and five Tennessee members. On 3 August 2015, Plaintiff and Owner contracted for Plaintiff to serve as a general contractor for the construction of a hotel in Wilmington, North Carolina. Plaintiff later subcontracted with Defendant, a North Carolina entity, for Defendant to provide the hotel's masonry and brick work, including the exterior cladding. The subcontract required arbitration of all disputes between Plaintiff and Defendant.

On 13 March 2017, Plaintiff sued Defendant and filed a motion to compel arbitration for "breach of contract/money owed" and "restitution/quantum meruit/unjust enrichment." In its complaint, Plaintiff asserted that Defendant failed to meet the project's schedule due to insufficient manpower, lack of production, and failure to complete assigned tasks in a "good workmanlike manner." On 4 December 2017, after mediation, Plaintiff and Defendant entered into a memorandum of settlement, requiring Defendant to pay Plaintiff $40,000 and "dispos[ing] of any and all claims by either Plaintiff or Defendant, which have been made, or which could have been made, in this civil action and in the related arbitration."

On 21 December 2017, the parties jointly negotiated the language of the final settlement agreement. Plaintiff's counsel expressed concern that the language in the

W.M. JORDAN COMPANY, INC. v. CONCRETE TECHS. AND DESIGN INC.

*Opinion of the Court*

agreement "significantly expand[ed] the scope of the release in the mediated settlement agreement" by including "claim[s] that could accrue in the future." Ultimately, the parties agreed to the following release language:

> Plaintiff does . . . acquit and forever discharge [Defendant], . . . from any and all claims, actions, causes of action, demands, rights, damages, costs, loss of service, consortium, expenses, and any other form of compensation whatsoever, which [Plaintiff] has made or which [Plaintiff] could have made in the Civil Action and/or related Arbitration.

On 22 December 2017, Plaintiff filed a notice of voluntary dismissal with prejudice.

After a hurricane in 2019, mold issues inside the hotel "came to light." Throughout the spring of 2021, Owner investigated the moisture issues and concluded that poor installation and ineffective quality control of the brick veneer cladding system caused part of the problem. On 22 June 2022, Owner filed a demand for arbitration with the American Arbitration Association against Plaintiff, alleging defects in the hotel that included improper installation of the masonry and brick portions of the exterior cladding, resulting damage to the interior of the hotel, and subpar work performed by subcontractors during the original construction.

On 28 August 2023, Plaintiff filed a complaint against Defendant in New Hanover County Superior Court, asserting breach of contract, breach of express or implied warranties, contractual indemnity, and negligence in the alternative. Plaintiff also requested that the trial court stay and refer the matter to arbitration. Plaintiff argued that the prior settlement did not preclude the current litigation

W.M. JORDAN COMPANY, INC. V. CONCRETE TECHS. AND DESIGN INC.

*Opinion of the Court*

concerning mold remediation because it "neither knew nor could have known of the issues related to the masonry work" at the time of the prior settlement.

On 22 September 2023, Defendant filed a motion to dismiss in lieu of answer under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, arguing that res judicata barred the current lawsuit. On 15 December 2023, the trial court granted Defendant's motion. Plaintiff timely appealed.

## II. Jurisdiction

This Court has jurisdiction under N.C. Gen Stat. § 7A-27(b)(1) (2025).

## III. Issues

The issues are whether the trial court erred by: (1) concluding it had authority to determine that res judicata barred Plaintiff's complaint; and (2) applying res judicata to dismiss Plaintiff's complaint.

## IV. Analysis

Plaintiff argues the trial court erred by deciding the issue of res judicata and subsequently applying res judicata to dismiss Plaintiff's complaint. Specifically, Plaintiff contends that the Federal Arbitration Act ("FAA") requires the arbitrator, not the trial court, to determine whether res judicata applies. We agree.

### A. Preservation

Defendant contends Plaintiff failed to properly preserve its arguments that the arbitrator should decide res judicata under the FAA and that the North Carolina Revised Uniform Arbitration Act ("RUAA") did not govern this dispute. We disagree.

W.M. Jordan Company, Inc. v. Concrete Techs. and Design Inc.

*Opinion of the Court*

"A party cannot raise on appeal issues which were not pleaded or raised below." *Bethesda Rd. Partners, LLC v. Strachan*, 267 N.C. App. 1, 7, 832 S.E.2d 503, 508 (2019). To preserve an issue for appellate review, "a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context." N.C.R. App. P. 10(a)(1) (2025). This rule, however, "does not require a party to recite certain magic words in order to preserve an issue; rather it creates a functional requirement of bringing the trial court's attention to the issue such that the court may rule on it." *M.E. v. T.J.*, 380 N.C. 539, 559, 869 S.E.2d 624, 637 (2022) (citing *State v. Garcia*, 358 N.C. 382, 410, 597 S.E.2d 724 (2004)).

Here, Plaintiff raised the issue of choice of law during the hearing. *See Bethesda Rd. Partners, LLC*, 267 N.C. App. at 7, 832 S.E.2d at 508. Specifically, Plaintiff contended that it was "for the arbitration panel to decide whether or not this contractual indemnity claim that wasn't pursued before, that wasn't part of the lawsuit that was dismissed, should be barred . . . ." Despite not using the "magic words" FAA, RUAA, or res judicata, Plaintiff brought the issue to the trial court's attention. *See M.E.*, 380 N.C. at 539, 869 S.E.2d at 637. Accordingly, whether the trial court had authority to decide res judicata is preserved for appellate review. *See* N.C.R. App. P. 10(a)(1).

**B. Choice of Law**

We review de novo a trial court's decision to grant a motion to dismiss. *See*

W.M. Jordan Company, Inc. v. Concrete Techs. and Design Inc.

*Opinion of the Court*

*Allred v. Cap. Area Soccer League, Inc.*, 194 N.C. App. 280, 283, 669 S.E.2d 777, 779 (2008). " 'Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment' for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632–33, 669 S.E.2d 290, 294 (2008) (quoting *In re Greens of Pine Glen Ltd. P'ship*, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003)).

Res judicata " 'applies to a judgment entered on an arbitration award as it does to any other final judgment.' " *Moody v. Able Outdoor, Inc.*, 169 N.C. App. 80, 85, 609 S.E.2d 259, 262 (2005) (quoting *Rodgers Builders, Inc. v. McQueen*, 76 N.C. App. 16, 22, 331 S.E.2d 726, 730 (1985)). For res judicata to bar an arbitration claim, a party "must show (1) a final judgment on the merits in an earlier suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits." *Erler v. Aon Risks Servs., Inc.*, 141 N.C. App. 312, 316, 540 S.E.2d 65, 68 (2000).

We first consider whether the trial court or an arbitrator should decide the issue of res judicata. In other words, "[a] threshold question . . . is whether the [FAA] or the [RUAA] governs the instant case." *WMS, Inc. v. Alltel Corp.*, 185 N.C. App. 86, 90, 647 S.E.2d 623, 626 (2007). That is because the FAA, which mandates that the arbitrator decide the issue of res judicata, *see id.* at 93, 647 S.E.2d at 628, preempts conflicting state law like the RUAA, which permits the trial court to decide the issue of res judicata, *compare* 9 U.S.C. § 3 (2018), *with* N.C. Gen. Stat. § 1-569.5(a) (2025).

The FAA governs "[a] written provision in any . . . contract evidencing a

W.M. Jordan Company, Inc. v. Concrete Techs. and Design Inc.

*Opinion of the Court*

transaction involving commerce," 9 U.S.C § 2 (2018), between states and over admiralty*, Prima Paint Corp v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 405, 87 S. Ct. 1801, 1807, 18 L. Ed. 2d 1270, 1278 (1967). The United States Supreme Court has interpreted the statute's language "broadly" in an effort "to exercise Congress' commerce power to the full." *Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 277, 115 S. Ct. 834, 841, 130 L. Ed. 2d 753, 766 (1995); *see also Perry v. Thomas*, 482 U.S. 483, 491, 107 S. Ct. 2520, 2526, 96 L. Ed. 2d 426, 436 (1987) (describing the FAA as "a statute that embodies Congress' intent to provide for the enforcement of arbitration agreements within the full reach of the Commerce Clause").

Indeed, the United States Supreme Court expressly overruled a narrower interpretation of the FAA, concluding that the statute applies to any transaction that "in fact involv[es] interstate commerce, even if the parties did not contemplate an interstate commerce connection." *Allied-Bruce Terminix Cos. Inc.*, 513 U.S. at 281, 115 S. Ct. at 843, 130 L. Ed. 2d at 769, *overruling Burke Cnty. Public Schs. Bd. of Educ. v. Shaver P'ship.*, 303 N.C. 408, 418, 279 S.E.2d 816, 822 (1981). For example, a transaction involves interstate commerce if the companies are from different states, *see id.* at 282, 115 S. Ct. at 843, 130 L. Ed. 2d at 769, or intrastate activities "which might have a substantial and harmful effect" on interstate commerce, *see Heart of Atlanta Motel v. United States*, 379 U.S. 241, 258, 261, 85 S. Ct. 348, 358, 360, 13 L. Ed. 2d 258, 269, 271 (1964) ("Congress may—as it has—prohibit racial discrimination by motels serving travelers, however 'local' their operations may appear.").

W.M. Jordan Company, Inc. v. Concrete Techs. and Design Inc.

*Opinion of the Court*

Here, the transaction involved interstate commerce. *See Allied-Bruce Terminix Cos. Inc.*, 513 U.S. at 282, 115 S. Ct. at 843, 130 L. Ed. 2d at 769. First, the companies were from different states: Plaintiff from Virginia, Defendant from North Carolina, and Owner with members from North Carolina and Tennessee. *See id.* at 282, 115 S. Ct. at 843, 130 L. Ed. 2d at 769. **{Def Br p 11}** Second, the transaction involved a local hotel serving interstate travelers. *See Heart of Atlanta*, 379 U.S. at 258, 261, 85 S. Ct. at 358, 360, 13 L. Ed. 2d at 269, 271. The construction project, therefore, implicated the FAA's broad coverage. *See* 9 U.S.C § 2; *see also Allied-Bruce Terminix Cos. Inc.*, 513 U.S. at 281, 115 S. Ct. at 843, 130 L. Ed. 2d at 769.

Accordingly, we conclude that the FAA controls this dispute. *See WMS, Inc.*, 185 N.C. App. at 93, 647 S.E.2d at 628. Because the FAA applies, the arbitrator, not the trial court, should have decided the application of res judicata. *See id.* at 93, 647 S.E.2d at 628. The trial court, therefore, erred in granting Defendant's motion to dismiss on res judicata grounds. *See id.* at 93, 647 S.E.2d at 628. Because the trial court's error in deciding res judicata is dispositive, we do not reach the issue of whether the trial court properly applied res judicata.

## V. Conclusion

Where the FAA applies, an arbitrator must initially decide the viability of a res judicata defense. Accordingly, the trial court erred in granting Defendant's Rule 12(b)(6) motion to dismiss. We reverse the trial court's dismissal with instructions to refer the matter to arbitration, and we do not reach the issue of whether the trial

W.M. JORDAN COMPANY, INC. V. CONCRETE TECHS. AND DESIGN INC.

*Opinion of the Court*

court properly applied res judicata in this case.

REVERSED AND REMANDED.

Judges STROUD and STADING concur.

Report per Rule 30(e).